DONALD J. PUTTERMAN (State Bar No. 90822)
E-Mail:      *dputterman@sideman.com*
RYAN J. MECKFESSEL (State Bar No. 215952)
E-Mail:      *rmeckfessel@sideman.com*
MARGARET A. ZIEMIANEK (State Bar No. 233418)
E-Mail:      *mziemianek@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Eighth Floor
San Francisco, California 94111-3629
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

TIMOTHY J. HOBAN (State Bar No. 192461)
E-Mail:      *thoban@tollbrothersinc.com*
REGIONAL COUNSEL FOR TOLL BROS., INC.
725 Town & Country Rd, Suite 500
Orange, California 92868
Telephone: (714) 347-1300
Facsimile: (714) 835-9683

Attorneys for Defendants
TOLL BROS., INC., a Pennsylvania corporation, and
TOLL BROTHERS, INC., a Delaware corporation

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| STONEBRAE L.P., a Delaware limited partnership,<br><br>            Plaintiff,<br><br>    v.<br><br>TOLL BROS., INC., a Pennsylvania corporation; TOLL BROTHERS, INC., a Delaware corporation; DOES 1 through 15, inclusive,<br><br>            Defendants. | CASE NO. 08-CV-00221 EMC<br><br>**E-FILED**<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS TOLL BROS., INC., TO COMPLAINT**<br><br>Removal Filed: January 11, 2008<br>Before:       Honorable Edward M. Chen<br>Courtroom:    C, 15th Flr.<br><br>**DEMAND FOR JURY TRIAL** |

1          Pursuant to the Federal Rules of Civil Procedure, Defendant TOLL BROS., INC. ("Toll")

2    responds to the First Amended Complaint ("Complaint") of Plaintiff STONEBRAE L.P.

3    ("Stonebrae"), as follows:

**The Parties**

4

5          1.    Toll lacks knowledge or information sufficient to form a belief about the truth of

6    the averments of Paragraph 1, and on that basis so denies them.

7          2.    Toll admits the averments in Paragraph 2 of the Complaint.

8          3.    Toll admits the averments in Paragraph 3 of the Complaint.

9          4.    Toll lacks knowledge or information sufficient to form a belief about the truth of

10   the averments of Paragraph 4, and on that basis so denies them.

11         5.    Toll denies the averments in Paragraph 5 as to Toll.  Toll denies the averments in

12   Paragraph 5 as to Defendant Toll Brothers, Inc.  Toll is without knowledge or information

13   sufficient to form a belief as to the truth of the averments of paragraph 5 of the Complaint as they

14   relate to the other defendants, and so denies them.

**Jurisdiction and Venue**

15

16         6.    Toll admits the averments in Paragraph 6 of the Complaint except as to the

17   averment that "[i]n filing [its] First Amended Complaint, Plaintiff Stonebrae does not concede that

18   jurisdiction in this Court is proper or waive its right to seek the remand to the Alameda County

19   Superior Court," as to which Toll lacks knowledge or information sufficient to form a belief about

20   the truth of said averments, and on that basis so denies them.

21         7.    Toll lacks knowledge or information sufficient to form a belief about the truth of

22   the averments of Paragraph 7 as they relate to Stonebrae, and on that basis so denies them, except

23   as to those averments that include a general description of the "Stonebrae Development" as to

24   which Toll, on information and belief, admits the averments in Paragraph 7 of the Complaint.

25         8.    Toll lacks knowledge or information sufficient to form a belief about the truth of

26   the averments of Paragraph 8 as they relate to Stonebrae, and on that basis so denies them.  Toll

27   avers that the "Development Agreement" speaks for itself.  Toll admits that it is, inter alia,

28   involved in the business of building homes and selling them to the public.
LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

9. Toll admits the averments in Paragraph 9 of the Complaint.

**The Dealings Between Plaintiff Stonebrae and Defendant Toll**

10. Toll admits the averments in Paragraph 10 of the Complaint. Toll avers that the "Village A Purchase Agreement" speaks for itself.

11. Toll lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 11, and on that basis so denies them, except as to those averments that Toll did familiarize itself with certain elements of the Stonebrae Development and that Toll did perform a "Due Diligence Investigation" with respect to the "Village A Purchase Agreement," as to which Toll admits the averments of in Paragraph 11. Toll avers that the "Village A Purchase Agreement" speaks for itself. Toll denies all other averments in Paragraph 11, if any.

12. Toll denies the averments in Paragraph 12 of the Complaint except those averments that "Toll negotiated with Plaintiff Stonebrae to purchase additional lots located in Village B" as to which Toll admits the averments in Paragraph 12 of the Complaint.

**The Village B Purchase Agreement**

13. Toll admits that Toll and Stonebrae executed a certain Purchase and Sale Agreement and Joint Escrow Instructions (the "Village B Purchase Agreement") on or about May 1, 2006. Toll further admits that the Village B Purchase Agreement Toll was subsequently amended by a First Amendment, dated May 31, 2006, and a second Amendment date June 2, 2006. Toll further admits that Exhibit 1 to the Complaint appears to be a copy of the Village B Purchase Agreement, as amended. Toll avers that the Village B Purchase Agreement speaks for itself. Toll denies all other averments in Paragraph 13, if any.

14. Toll admits the averments in Paragraph 14 of the Complaint.

15. Toll avers that the Village B Purchase Agreement speaks for itself. Toll admits that it did perform a "Due Diligence Investigation" with respect to the Village B Purchase Agreement. Toll admits that it timely provided Plaintiff Stonebrae with written approval of Toll's Due Diligence Investigation pursuant to the Village B Purchase Agreement. Toll denies all other averments in Paragraph 15, if any.

16. Toll lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 16, and on that basis so denies them.

17. Toll lacks knowledge or information sufficient to form a belief about the truth of the averments of Paragraph 17 as they relate to Stonebrae, and on that basis so denies them.  Toll admits that to proceed with the close of escrow and the purchase of the 56 lots pursuant to the Village B Purchase Agreement would have required Toll to pay Stonebrae the purchase price set forth in the Village B Purchase Agreement less offsets for the material substantial breaches by Stonebrae as set forth in the Village B Purchase Agreement.  Toll denies the remainder of the averments in Paragraph 17, if any.

18. Toll avers that Defendant Toll Brothers, Inc.'s, Form 8-K speaks for itself.  Toll denies the remainder of the averments in Paragraph 18, if any.

19. Toll denies the characterization of facts averred in Paragraph 19 of the Complaint. Toll admits that it has inventory of complete and incomplete homes in "Village A."  Toll admits that there have been cancellations of contracts to purchase certain of its home in "Village A."  Toll denies that as of the filing of Stonebrae's Complaint, on or about January 15, 2008, that it had completed the sale of only 21 homes on the Village A lots it purchased from Stonebrae.  Toll admits that the Village A Purchase Agreement involves 102 residential lots in Village A and that the Village A Purchase Agreement provides, *inter alia*, with the right to purchase 102 residential lots in Village A.  Toll denies all other averments in Paragraph 19, if any.

20. Toll denies the averments in Paragraph 20 of the Complaint, except those averments that, based on Stonebrae's material and substantial breaches of the Village B Purchase Agreement, Toll terminated the Village B Purchase Agreement and has demanded that the letter of credit in escrow be released to it, as to which Toll admits the averments in Paragraph 20.

**First Cause of Action**

21. Toll incorporates by this reference its responses to the averments set forth in Paragraphs 1 through 20 of the Complaint, above, as though fully set forth herein.

22. Toll admits the averments in Paragraph 22 of the Complaint.

23. Toll admits the averments in Paragraph 23 of the Complaint.

24. Toll denies the averments in Paragraph 24 of the Complaint except to the extent that such averments represent Stonebrae's invalid excuses for its numerous material breaches of the Village B Purchase Agreement.

25. Toll denies the averments in Paragraph 25 of the Complaint.

26. Toll denies the averments in Paragraph 26 of the Complaint.

## Second Cause of Action

27. Toll incorporates by this reference its responses to the averments set forth in Paragraphs 1 through 26 of the Complaint, above, as though fully set forth herein.

28. Toll denies the averments in Paragraph 28 of the Complaint.

29. Toll denies the averments in Paragraph 29 of the Complaint.

## Third Cause of Action

30. Toll incorporates by this reference its responses to the averments set forth in Paragraphs 1 through 29 of the Complaint, above, as though fully set forth herein.

31. This Cause of Action is not directed at Defendant and Defendant therefore denies that it must respond to this Paragraph of the Complaint.

32. This Cause of Action is not directed at Defendant and Defendant therefore denies that it must respond to this Paragraph of the Complaint.

33. This Cause of Action is not directed at Defendant and Defendant therefore denies that it must respond to this Paragraph of the Complaint.

34. This Cause of Action is not directed at Defendant and Defendant therefore denies that it must respond to this Paragraph of the Complaint.

35. This Cause of Action is not directed at Defendant and Defendant therefore denies that it must respond to this Paragraph of the Complaint.

36. This Cause of Action is not directed at Defendant and Defendant therefore denies that it must respond to this Paragraph of the Complaint.

1  37. This Cause of Action is not directed at Defendant and Defendant therefore denies that it must respond to this Paragraph of the Complaint.

3  38. This Cause of Action is not directed at Defendant and Defendant therefore denies that it must respond to this Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

All or some of Stonebrae's claims against Toll are barred in whole or in part by Stonebrae's failure to state a claim upon which relief can be granted. By way of example and not limitation, Stonebrae's causes of action for alleged breach of contract and for purported declaratory relief each asserts Stonebrae's alleged entitlement to recovery of monies in escrow to be funded by drawing on a letter of credit against Toll. The liquidated sum totals 14.99% of the total purchase price of the Village B lots, which sum, on its face, is unreasonable in violation of the Civil Code Section 1671(b).

## SECOND AFFIRMATIVE DEFENSE

### (Election of Remedies)

All or some of Stonebrae's claims against Toll are barred and precluded in whole or in part by the doctrine of election of remedies. Stonebrae's cause of action for purported declaratory relief for specific performance of the Village B Purchase Agreement and its cause of action for damages for breach of contract seek mutually exclusive remedies of specific performance and damages, that, if awarded, would constitute an improper double recovery, the maintenance of which results in significant prejudice to Toll.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

All or some of Stonebrae's claims against Toll are barred in whole or in part by the doctrine of estoppel, including, *inter alia*, that Stonebrae is estopped to deny the limitation of

liability in the Village B Purchase Agreement and is further estopped to deny its material breaches of the Village B Purchase Agreement as admitted by Stonebrae in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

All or some of Stonebrae's claims against Toll are barred in whole or in part by Stonebrae's failure or failures to mitigation its damages, if any, allegedly resulting from any alleged wrongs by Toll.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

All or some of Stonebrae's claims against Toll are barred in whole or in part by the doctrine of Unclean Hands.  Stonebrae's actions in performing its obligations and duties under the Village B Purchase Agreement, were and are unjust and inequitable, and Stonebrae cannot not now invoke the Court's equitable jurisdiction in seeking declaratory relief and/or specific performance.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

All or some of Stonebrae's claims against Toll are barred in whole or in part by the doctrine of Waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

All or some of Stonebrae's claims against Toll are barred in whole or in part by the doctrine of laches by virtue of Stonebrae's unexplained and unexcused delays which have and will continue to result in significant prejudice to Toll.

## EIGHTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

All or some of Stonebrae's claims against Toll are barred in whole or in part by the doctrine of frustration of purpose. The purposes envisioned by and intended in the Village B Purchase Agreement were founded upon and required, in part, Stonebrae's performance of its

1 obligations under the Village B Purchase Agreement, the breach of which by Stonebrae

2 undermined the purposes for which the Village B Purchase Agreement was entered into.

### NINTH AFFIRMATIVE DEFENSE

### (Lack or Inadequacy of Consideration)

All or some of Stonebrae's claims against Toll are barred in whole or in part by the inadequacy of consideration, which inadequacy defeats the effectiveness of the Village B Purchase Agreement.

### TENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

All or some of Stonebrae's claims against Toll are barred in whole or in part by the failure of consideration, which failure defeats the effectiveness of the Village B Purchase Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

All or some of Stonebrae's claims against Toll are barred in whole or in part by Stonebrae's material failure to perform its duties and obligations under the Village B Purchase Agreement.

### TWELFTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent)

All or some of Stonebrae's claims against Toll are barred in whole or in part by the failure of conditions precedent, the occurrence of which are and were required in order to give rise to Toll's duty to perform as alleged, if at all.

### PRAYER FOR RELIEF

Wherefore, Toll prays for judgment against Stonebrae as follows:

1. For a Judgment against Stonebrae that:

   a. Toll is not in breach of its obligations under the Village B Purchase Agreement;

      b.      Stonebrae wrongfully and materially breached the Village B Purchase Agreement;

      c.      Toll is not obligated to close the escrow under the Village B Purchase Agreement; and,

      d.      Toll is entitled to the return of the letter of credit it placed into escrow pursuant to the Village B Purchase Agreement, with interest and prejudgment interest against Stonebrae;

2. That Stonebrae take nothing by this action;

3. For attorneys' fees and costs against Stonebrae; and,

For such other relief as the Court may deem just and proper.

## COUNTERCLAIMS

## PARTIES

1. Toll Bros. Inc. ("Toll") is a corporation organized under the laws of the State of Pennsylvania.

2. Toll is informed and believes and thereon alleges that Stonebrae L.P. ("Stonebrae") is a limited partnership organized under the laws of the State of Delaware.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1441.

## FIRST CLAIM FOR RELIEF
### Declaratory Relief

5. Toll incorporates herein by this reference the allegations set forth hereinabove, and all of them, as though fully set forth herein.

6. An actual and justiciable controversy now exists between Toll and Stonebrae as hereinabove and hereinafter alleged.

7. Stonebrae has materially breached its duties and obligations under the Village B

Purchase Agreement.

8. Toll is entitled to terminate the Village B Purchase Agreement, not close the escrow, not pay Stonebrae the purchase price of $31,854,200.00, and have the letter of credit in the amount of $4,774,944.00 returned for several reasons and numerous breaches of the Village B Purchase Agreement by Stonebrae, including the following:

(a) By no fault of Toll, and only by the fault of Stonebrae, the close of escrow did not take place on or before November 1, 2007;

(b) By no fault of Toll, Stonebrae failed to complete the "Stonebrae Pre-Closing Work" prior to November 1,2007;

(c) That Stonebrae has not satisfied the Conditions of Approval for the Stonebrae Development that are required for the issuance and continued maintenance of the 10 building permits to Defendant Toll;

(d) That Stonebrae failed to provide civil and geotechnical certificates by November 1, 2007, as required, and prior "certificates" are not current and are ineffective;

(e) Stonebrae eliminated 3.25 acres of pocket parks from Village B and failed to complete the permanent clubhouse and fitness center as contemplated by the Village B Purchase Agreement, dramatically undermining Toll's reasonable expectations under the village B Purchase Agreement and severely impacting the value and marketability of the Village B lots in contravention of the parties' mutual understanding and intention at the time of making the Village B Purchase Agreement.

(f) Stonebrae was placed on notice of the breaches identified herein, and each of them. Despite this notice, and to the extent Stonebrae had an opportunity to cure said breaches, Stonebrae did not, and to date has not, cured any of its breaches of the Village B Purchase Agreement.

9. Stonebrae disputes that its numerous failures to perform pursuant to the terms of the Village B Purchase Agreement constitute material breaches of Stonebrae's duties and obligations under that Agreement, disputes Toll's right to the return of the letter of credit deposited by Toll in escrow pursuant to the Village B Purchase Agreement, and disputes Toll's

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT TOLL BROS., INC., TOLL BROTHERS, INC. TO COMPLAINT

right to terminate the Village B Purchase Agreement.

10. The purported factual bases for Stonebrae's assertions in derogation of Toll's rights under the Village B Purchase Agreement include the following preposterous, bald excuses:

(a) The close of escrow was not required to occur on or before November 1, 2007; and, the "Stonebrae Pre-Closing Work," which Stonebrae admits is a condition precedent to Toll's performance under the Village B Purchase Agreement, was not required to be completed by November 1, 2007;

(b) Although they did not comply with the requirement to perform and complete the "Stonebrae Pre-Closing Work," Stonebrae already had allegedly substantially completed all the "Stonebrae Pre-Closing Work," and is ready to complete, but has not completed items on a "Deficient Work List;"

(c) Although they did not obtain permits as required, Stonebrae allegedly satisfied all Conditions of Approval for the Stonebrae Development that are required for the issuance of the 10 building permits to Defendant Toll pursuant to Section 6;

(d) The civil and geotechnical certificates that are part of the "Stonebrae Pre-Closing Work," was not required to be completed by November 1, 2007; and, "Out of tolerance" items that do not comply with the requirements of the Village B Purchase Agreement do not impact the existing civil and geotechnical certifications; and, even if they do, those "out of tolerance" items the admission of which admits that Stonebrae's performance did not comply with the Village B Purchase Agreement, will be addressed at some time in the future after Toll is allegedly required to pay the entire purchase amount despite lack of full performance, allegedly through the process for completion of legitimate items on the "Deficient Work List" followed by the recertification of the lots after the close of escrow and delivery of all payments to Stonebrae, if required; and,

(e) The elimination of the Village B pocket parks would undermine the value of the Village B lots to Toll, said material change in the Stonebrae Development (i) allegedly was in exchange for Stonebrae's agreement to mass grade a public park adjacent to the Stonebrae Development, to install artificial turf on the school soccer fields and to expand the area of the

1 paseos within the Stonebrae Development, (ii) allegedly was known and consented to by
2 Defendant Toll prior to the end of its "Due Diligence Period," and (iii) the completion of the
3 permanent clubhouse and fitness center, which Stonebrae have failed to perform, allegedly was
4 always "scheduled" as part of a later phase of the Stonebrae Development, and neither material,
5 significant delay was unknown or objected to by Toll.

6  11.  The dramatic and material nature of Stonebrae's numerous material breaches of the
7 Village B Purchase Agreement is highlighted by the nature of Stonebrae's asserted excuses
8 therefore. By virtue of these material breaches of the Village B Purchase Agreement, among other
9 things, Toll had the right to terminate the Village B Purchase Agreement and to the return of the
10 letter of credit it placed in escrow. Stonebrae's refusal to release the letter of credit from escrow is
11 unwarranted, unjustified and in bad faith, and its claims against Toll and Toll Brothers, Inc. are
12 made in bad faith to avoid responsibility for their failure to perform.

### SECOND CLAIM FOR RELIEF
**Breach of Contract**

16  12.  Toll incorporates herein by this reference the allegations set forth hereinabove, and
17 all of them, as though fully set forth herein.

18  13.  Toll performed its obligations under Village B Purchase Agreement.

19  14.  All conditions precedent to performance by Stonebrae, if any, have been met.

20  15.  As set forth more fully, above, Stonebrae has breached the Village B Purchase
21 Agreement.

22  16.  Toll has been damaged as the direct and proximate result of Stonebrae's breaches
23 of the Village B Purchase Agreement.

24  17.  Pursuant to Paragraph 17.2.b. of the Village B Purchase Agreement, Toll is entitled
25 to return of the Deposit held in escrow, and is further entitled to recover its damages incurred by
26 Stonebrae's breaches, including, due diligence costs and expenses incurred.

27 //
28 //

### THIRD CLAIM FOR RELIEF
**Breach of Duty of Good Faith and Fair Dealing**

18. Toll incorporates herein by this reference the allegations set forth hereinabove, and all of them, as though fully set forth herein.

19. In part, by virtue of the parties' contractual relationship pursuant to the Village B Purchase Agreement, Stonebrae has a duty of good faith and fair dealing to Toll.

20. Stonebrae has breached its duty of good faith and fair dealing to Toll.

21. Stonebrae breach of the duty of good faith and fair dealing it owes to Toll, includes, but is not limited to, Stonebrae's failure to deliver and perform its obligations relating to the Stonebrae Development in the quality of development envisioned by the parties, within the time envisioned by the parties, and in the way envisioned by the parties. Without limitation, Stonebrae's unilateral changes to the elements of the Stonebrae Development, including but not limited to, its failure to construct a high quality golf club, its decision to eliminate numerous parks from the Stonebrae Development, and, its failure to construct other high quality amenities in conjunction with the Stonebrae Development and Village B, have contravened, undermined and eviscerated Toll's benefit of the bargain that was intended by the Village B Purchase Agreement.

22. Toll has been damaged as the direct and proximate result of Stonebrae's breaches of its duty of good faith and fair dealing to Toll.

### PRAYER FOR RELIEF

WHEREFORE, Toll prays for judgment against Stonebrae, as follows:

1. For declaratory relief as follows:
   a) Stonebrae is in material breach of the Village B Purchase Agreement;
   b) Toll was authorized to terminate the Village B Purchase Agreement; and,
   c) Toll was authorized to demand and receive its deposits into escrow pursuant to the Village B Purchase Agreement;
2. For return of deposit;
3. For damages according to proof;
4. For attorneys' fees and costs; and,

  5. For such other relief as the Court may find just and proper.

DATED: February 20, 2008   REGIONAL COUNSEL FOR TOLL BROS., INC.
Timothy J. Hoban

SIDEMAN & BANCROFT LLP
Donald J. Putterman
Ryan J. Meckfessel
Margaret A. Ziemianek


By:  _/s/ Margaret A. Ziemianek_
   Margaret A. Ziemianek
Attorneys for Defendants
TOLL BROS., INC., a Pennsylvania corporation, and
TOLL BROTHERS, INC., a Delaware corporation

10644\535198v1

**JURY TRIAL DEMAND**

Defendant and Counter-claimant Toll demands a trial by jury on all claims in the Complaint and Counterclaim so triable.

DATED: February 20, 2008

REGIONAL COUNSEL FOR TOLL BROS., INC.
Timothy J. Hoban

SIDEMAN & BANCROFT LLP
Donald J. Putterman
Margaret A. Ziemianek
Ryan J. Meckfessel

By:  */s/ Margaret A. Ziemianek*
       Margaret A. Ziemianek
Attorneys for Defendants
TOLL BROS., INC., a Pennsylvania corporation, and
TOLL BROTHERS, INC., a Delaware corporation