DONALD J. PUTTERMAN (State Bar No. 90822)
E-Mail:     dputterman@sideman.com
RYAN J. MECKFESSEL (State Bar No. 215952)
E-Mail:     rmeckfessel@sideman.com
MARGARET A. ZIEMIANEK (State Bar No. 233418)
E-Mail:     mziemianek@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Eighth Floor
San Francisco, California 94111-3629
Telephone:     (415) 392-1960
Facsimile:     (415) 392-0827

TIMOTHY J. HOBAN (State Bar No. 192461)
E-Mail:     thoban@tollbrothersinc.com
REGIONAL COUNSEL FOR TOLL BROS., INC.
725 Town & Country Rd, Suite 500
Orange, California 92868
Telephone: (714) 347-1300
Facsimile: (714) 835-9683

Attorneys for Defendants
TOLL BROS., INC., a Pennsylvania corporation, and
TOLL BROTHERS, INC., a Delaware corporation

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| STONEBRAE L.P., a Delaware limited partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>TOLL BROS., INC., a Pennsylvania corporation; TOLL BROTHERS, INC., a Delaware corporation; DOES 1 through 15, inclusive,<br><br>    Defendants. | CASE NO. 08-CV-00221 EMC<br><br>**E-FILED**<br><br>**DEFENDANT TOLL BROS., INC.'S OPPOSITION TO PLAINTIFF STONEBRAE, L.P.'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>Date:       March 26, 2008<br>Time:       10:30 a.m.<br>Room:     C, 15th Floor<br>Judge:      Hon. Edward M. Chen<br><br>Removal Filed:    January 11, 2008 |

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3629

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT......................................................1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY .............................................1

III.    ARGUMENT .......................................................................................................................4

      A.      Applicable Legal Standards ........................................................................................5

      B.      Toll Brothers Was Not Required to Join in the Notice of Removal ..........................6

      C.      The Controlling Complaint Fails to State A Cause of Action for Inducing Breach of Contract, and Pleads Facts to Establishing That Any Alleged Conduct Was Privileged ..........................................................................................6

      D.      The Privilege Continues to Appear on the Face of the FAC and Bars the Third Cause of Action Against Toll Brothers ..........................................................7

            1.      Notwithstanding the FAC's New Allegations, Plaintiff's Arguments Against the Privilege Are Meritless ................................................................9

            2.      In Any Event, A Corporate Parent Cannot Be Held Liable for Interfering With Its Subsidiaries' Contract In These Circumstances ...........11

            3.      The Liquidated Damages Clause Is A Further Bar to Plaintiff's Claim Against Toll Brothers ..................................................................13

      E.      An Award of Fees and Costs Is Not Justified .........................................................13

IV.     CONCLUSION ..................................................................................................................14

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1

**TABLE OF AUTHORITIES**

2

**Page**

3

4

**CALIFORNIA STATE & FEDERAL CASES**

5 *Applied Equip. Corp. v. Litton Saudi Arabia*
    7 Cal. 4th 503, 516 (1994)................................................................ 12

6

7 *Clinco v. Roberts*
    41 F. Supp. 2d 1080 (C.D. Cal. 1999)................................................ 4

8 *Collins v. Vickter Manor, Inc.*
    47 Cal. 2d 875 (1957).................................................................... 9

9

10 *Culcal Stylco, Inc. v. Vornado, Inc.*
    26 Cal. App. 3d 879 (1972)........................................................ 9, 13

11 *Durning v. First Boston Corp.*
    815 F.2d 1265 (9th Cir. 1987)......................................................... 2

12

13 *Freeman & Mills, Inc. v. Belcher Oil Co.*
    11 Cal. 4th 85 (1995).................................................................... 12

14 *Gardner v. UICI, et al.*
    508 F.3d 559 (9th Cir. 2007)...................................................... 13, 14

15

16 *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*
    896 F.2d 1542 (9th Cir. 1990)......................................................... 2

17 *Holden v. Hagopia*
    978 F.2d 1115 (9th Cir. 1992)......................................................... 8

18

19 *Ilkhchooyi v. Best*
    37 Cal. App. 4th 395, 412 (1995)................................................... 12

20 *Kozlowsky v. Westminster National Bank*
    6 Cal. App. 3d 593 (1970).............................................................. 9

21

22 *Kruso v. Int'l Telephone & Telegraph Corp.*,
    872 F.2d 1416 (9th Cir. 1989)......................................................... 5

23 *McCabe v. General Foods Corp.*
    811 F.2d 1336 (9th Cir. 1987)...................................................... 4, 9

24

25 *McGlinchy v. Shell Chem Co.*
    845 F.2d 802 (9th Cir. 1988)........................................................... 8

26 *Morris v. Princess Cruises, Inc.*
    236 F.3d 1061 (9th Cir. 2001)......................................................... 5

27

28 *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*,
    50 Cal. 3d 1118 (1990).................................................................. 6

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

*Ramona Manor Convalescent Hosp. v. Care Enterprises, et al.*
    177 Cal. App. 3d 1120 (1986) .................................................................. 6, 10

*Ritchey v. Upjohn Drug Co.*
    139 F.3d 1313 (9th Cir. 1998) .................................................................. 5, 8

*Scott v. Citizen's Communications, et al.*
    2007 WL 2904011 (E.D. Cal. 2007) ............................................................ 5

*United Computer Systems, Inc. v. AT&T Corp.*
    298 F.3d 756 (9th Cir. 2002) ...................................................................... 6

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) .................................................................... 10


**STATUTES**

28 U.S.C. § 1447(e) ...................................................................................... 4

28 U.S.C. §1331(a) ................................................................................ 1, 4, 5

Federal Rules of Civil Procedure 15(a) ........................................................ 4


**OTHER AUTHORITIES**

*Bendix Corp. v. Adams*
    610 P.2d 24 (Alaska, 1980) ........................................................................ 9

*Boulevard Assoc. v. Sovereign Hotels*, *Inc.*
    72 F.3d 1029 (2d Cir. 1995) ...................................................................... 11

*Copperweld Corp., et al. v. Independence Tube Corp.*
    467 U.S. 752 (1984) ............................................................................ 10, 11

*Jackson v. Johns-Manville Sales Corp.*,
    781 F.2d 394 (5th Cir. 1986) .................................................................... 12

*Martin, et ux. v. Franklin Capital Corp., et al.*
    546 U.S. 132 (2005) .................................................................................. 14

*Waste Conversion Systems, Inc. v. Greenstone Industries, Inc., et al.*
    33 S.W. 3d 779 (Tenn., 2000) .................................................................... 11

*Winner's Circle of Las Vegas, Inc. v. SAMI Franchising, Inc.*
    916 F. Supp. 1024 (D. Nev. 1996) .............................................................. 4

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION
TO STATE COURT

I.     INTRODUCTION AND SUMMARY OF ARGUMENT

As set forth in Defendant Toll Brothers, Inc.'s ("Toll Brothers") Motion to Dismiss Plaintiff's Complaint and in Defendant Toll Bros., Inc.'s ("Toll") Notice of Removal ("Removal"), no claim can be stated against fraudulently joined defendant Toll Brothers, and therefore jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331(a).

Plaintiff Stonebrae, L.P.'s ("Stonebrae") Motion to Remand begins with the assumption that the removal itself was procedurally defective because fraudulently joined defendant Toll Brothers did not join in the removal.  However, fraudulently joined defendants are _ignored_ for purposes of removal.  Stonebrae therefore is incorrect.  Stonebrae next argues that the First Amended Complaint states a cause of action against Toll Brothers, but the well-settled rule is that the complaint at the time of removal is the operative complaint for purposes of a motion to remand.  In any event, however, Stonebrae's First Amended Complaint ("FAC") still does not state a cause of action against Toll Brothers, because it fails to cure the deficiencies in the original complaint, and Toll Brothers' privilege to engage in the acts alleged appears affirmatively on the face of both the FAC and the state court Complaint ("SCC").  Finally, the FAC also does not in any way change the fact that Stonebrae cannot both seek to enforce a contract - and specifically a liquidated damages clause to which it voluntarily conceded in lieu of otherwise speculative damages – and simultaneously seek to evade that same liquidated damages clause by suing the corporate parent for allegedly inducing a breach to protect its own finances.

For the reasons set forth herein, the Court has subject matter jurisdiction over this action, and Plaintiff's motion to remand should be denied.

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

The SCC and FAC allege that Plaintiff is the "owner and master developer of a residential master planned development" in Hayward, California.  SCC/FAC, ¶ 7.  Plaintiff and Defendant Toll entered into a contract referred to as the Village A Purchase Agreement, dated July 26, 2005, and closed escrow on or about May 1, 2006.  _Id._, ¶ 10.  On or about May 1, 2006, Stonebrae and Toll entered into a Purchase and Sale Agreement and Joint Escrow Instructions ("the Village B

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1   Purchase Agreement" or "the Agreement").  *Id.*, ¶ 13.  The purchase price under the Village B

2   Purchase Agreement was $31,854, 200.  *Id.*, ¶ 14.  Toll deposited in escrow a letter of credit for

3   $4,774,944, representing 14.99% of the total purchase price.  *Id.*

4          Plaintiff alleges that Toll conducted its Due Diligence Investigation and "timely provided

5   Plaintiff Stonebrae with its written approval of its Due Diligence Investigation of the lots it was

6   purchasing under the Village B Purchase Agreement."  SCC/FAC, ¶ 15.  Plaintiff alleges that the

7   letter of credit became "non-refundable" upon the expiration of the Due Diligence Period.  *Id.*[1]

8   Plaintiff further alleges that it performed the Pre-Closing Work in reliance upon Defendant's

9   conduct, and incurred in excess of $7 million performing this work.  *Id.*, ¶16.[2]

10          Plaintiff alleges – on information and belief – that while it was performing the Pre-Closing

11   Work, "*Defendant Toll had decided*, in light of the deteriorating financial condition of Toll

12   Brothers, Inc., *and for its own financial reasons*, not to proceed with the close of escrow and the

13   purchase of 56 lots. . . . "  SCC/FAC, ¶ 17 (emphasis added).  Plaintiff also alleges that:

14          "*Defendant Toll* has offered a number of pretextual reasons why it purportedly is
            under no obligation to close the escrow...and on that basis has purported to
15          terminate the Village B Purchase Agreement and has demanded  that the letter of
            credit in escrow be released to it."
16
     SCC, ¶ 20 (emphasis added).

17          The FAC contains the very same allegation, with the specious addition of the phrase "at

18

19

     _____

20

21   [1] Plaintiff's "non-refundable" allegation is contradicted by the Agreement.  The Deposit
     (consisting of the initial cash deposit of $250,000 and $4,524,944 letter of credit) <u>is</u> refundable
22   upon Escrow Cancellation, if Stonebrae is the Defaulting Party.  *See* Ex. 1, at p. 12, §7.4(a) ("If
     Escrow is cancelled and Stonebrae is the Defaulting Party, Stonebrae shall pay the Escrow and
23   title fees and cancellation charges and the Escrow Holder (or Stonebrae, if the Deposit has already
     been released) shall return the Deposit to Builder.")  *See Hal Roach Studios, Inc. v. Richard*
24   *Feiner and Co., Inc.*, 896 F.2d 1542, 1555, n. 19 (9th Cir. 1990) (documents attached to a
     complaint are treated as part of the complaint ); *Durning v. First Boston Corp.*, 815 F.2d 1265,
25   1267 (9th Cir. 1987) (factual allegations can be disregarded if contradicted by materials attached
     as exhibits to complaint).

26
     [2] The purported significance attached to this allegation is illusory, since such work was to "be
27   completed at Stonebrae's sole cost and expense."  Ex. 1, at p. 16, §9.1.

28

DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION
TO STATE COURT

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1   the direction of Defendant Toll Brothers, Inc." at the end of Paragraph 20.[3]  *See* FAC, ¶ 20

2   ("*Defendant Toll* – upon information and belief, *at the direction of Defendant Toll Brothers, Inc.,* -

3   has offered a number of pretextual reasons…")(emphasis added).

4          Plaintiff asks for declaratory relief against Toll, seeking a judicial determination that

5   "Defendant Toll is obligated to proceed to close escrow or, alternatively, is in default, in which

6   case Plaintiff Stonebrae is entitled to terminate the Village B Purchase Agreement and to instruct

7   the escrow holder to draw upon the letter of credit and release the amount thereof to Plaintiff

8   Stonebrae in accordance with Section 17.1(c)." SCC/FAC, ¶ 25.  Plaintiff's second cause of

9   action, for Breach of Contract against Toll, alleges that Toll breached the Village B Purchase

10  Agreement and seeks recovery of liquidated damages.  *Id.*, ¶¶ 28-29.

11         Plaintiff's third cause of action, Inducing Breach of Contract, is its claim against Toll

12  Brothers.  *See, e.g.*, SCC, ¶¶ 31-36; FAC, ¶¶ 31-38.  In the SCC, Plaintiff alleged that "in response

13  to its severely deteriorating financial condition, Defendant Toll Brothers, Inc. sought to reduce the

14  contractual liabilities on its consolidated financial statements, such as that represented by the

15  Village B Purchase Agreement, and directed its subsidiaries and affiliates to take steps to do so."

16  SCC, ¶ 34  The FAC contains the same sentence, with the phrase "by whatever means necessary,

17  including by breaching the contracts" added at the end of the sentence  FAC ¶ 34.  The SCC and

18  FAC also allege, upon information and belief, that Toll "acted pursuant to such directives from

19  Defendant Toll Brothers, Inc."  *Id.*

20         In the FAC,  Plaintiff adds the allegation that Toll Brothers "intended to and did induce

21  Defendant Toll to breach the Village B Purchase Agreement between Plaintiff Stonebrae and

22  Defendant Toll."  FAC, ¶ 35.  The FAC also adds the new allegation that Toll Brothers' conduct

23  was not privileged, because it was "predominantly, if not exclusively, intended to interfere with and

24  _____

25  [3] In either form, the claim of pretext itself is questionable, since Exhibit 2 to the SCC and FAC
    (November 28, 2007 letter from Stonebrae to Toll) indicates that Toll had identified numerous

26  deficiencies regarding Stonebrae's Pre-Closing Work.  *See* SCC/FAC at Ex. 2, p. 3.  The letter
    directed to Toll implies that no "satisfactorily completion of the Pre-Closing Walk-through" had

27  occurred.  *See* SCC/FAC at Ex. 1, at p. 9, § 6.2(a).

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1    harm Plaintiff Stonebrae's contractual rights" under the Agreement, and was "illegal and improper"

2    in that Toll Brothers "instructed and conspired with Defendant Toll to manufacture a pretext of

3    Plaintiff Stonebrae's purported failures to perform…in an effort to unlawfully circumvent

4    Defendant Toll's contractual obligations and liabilities" under the Agreement.  FAC, ¶ 36.

5           Plaintiff filed the SCC on November 29, 2007, and served Toll on December 12, 2007.

6    Toll timely removed this action on January 11, 2008.  On January 15, 2008, Plaintiff responded by

7    filing the FAC,[4] adding conclusory allegations to the Third Cause of Action, relating to the

8    deficiencies raised in Toll's Removal.  Defendant Toll Brothers filed a Motion to Dismiss

9    Pursuant to FRCP 12(b)(6) and 21 on February 20, 2008.  Defendant Toll filed an Answer,

10   Affirmative Defenses and Counterclaims on February 20, 2008.

11

12   **III.    ARGUMENT**

13          The sole cause of action alleged against Toll Brothers is the Third Cause of Action for

14   "Inducing Breach of Contract."  Plaintiff's attempt to cure the deficiencies pointed out in Toll's

15   Removal through the new (and patently unsupported) allegations in the FAC only confirms that

16   Plaintiff cannot amend to state a cause of action against Toll Brothers.  Privilege appears on the

17   face of the complaint and based on Plaintiff's unchanged theory of the case, squarely shielding

18   Toll Brothers' alleged conduct as privileged.

19   _____

20   [4]   The law is unclear as to whether Plaintiff's FAC was properly filed without leave of Court
     under FRCP 15(a).  Where an amended complaint adds new *parties* whose joinder would destroy

21   diversity, courts have ruled that there is no amendment as matter of right under FRCP 15(a), and
     the discretionary standard of 28 U.S.C. § 1447(e) applies instead.  *See, e.g., Clinco v. Roberts*, 41

22   F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); *Winner's Circle of Las Vegas, Inc. v. SAMI Franchising,
     Inc.*, 916 F. Supp. 1024, 1026 (D. Nev. 1996)(finding no amendment "as of right" under 15(a)

23   where amendment would destroy diversity).  The Ninth Circuit previously affirmed denial of leave
     to file an amended complaint where plaintiff's proposed amended complaint attempted to cure the

24   fraudulent joinder of his managers/supervisors by removing the allegation that they acted on the
     employer's behalf, and instead alleging that they maliciously fired him out of their own self-

25   interest.  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1349 (9th Cir. 1987).  The district court
     denied leave, concluding the contradictory allegations were offered in bad faith to destroy removal

26   jurisdiction.  Although FRCP 15(a) was not at issue, *McCabe* is instructive as to what, if any,
     consideration should be given to the FAC, instead of the original complaint.

27

28

**DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION
TO STATE COURT**

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

The FAC's new allegations do not change Stonebrae's substantive theory of the case. Plaintiff insists that Toll decided "not to proceed with the close of escrow and the purchase of the 56 lots" due to the deteriorating financial condition of its parent, Toll Brothers.  Although the FAC now alleges that Toll made this decision at the express direction of Toll Brothers, and not just in response to a general corporate directive (leaving aside for the moment the patently sham nature of these revisions), Plaintiff's 'new' allegations as to Toll Brothers are still that the alleged conduct was motivated by financial self-protection, and still therefore privileged.

Moreover, Plaintiff's sole remedy for the alleged injury in this action (Toll's refusal to close escrow and termination of the Agreement) is limited to the liquidated damages clause, and cannot be circumvented by seeking damages for the same alleged injury from a related corporate entity, Toll Brothers.  Toll Brothers is a fraudulently joined defendant, making jurisdiction proper pursuant to 28 U.S.C. §1331(a), and requiring denial of Plaintiff's remand motion.

### A.    Applicable Legal Standards

Joinder of a non-diverse defendant in an action "is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe,* 811 F.2d at 1339).  In deciding whether a defendant has been fraudulently joined, the Court considers whether the claim is "sufficient to withstand a dismissal motion under Rule 12(b)(6)."  *Scott v. Citizen's Communications, et al*, 2007 WL 2904011 (E.D. Cal. 2007) (citing *Sessions v. Chrysler Corp.*, 517 F.2d 759 (9th Cir. 1975)); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319-20 (9th Cir. 1998) (finding joinder fraudulent where cause of action would not withstand demurrer).

Whether or not an action was properly removed is determined by reference to the complaint at the time the removal petition was filed.  *Kruso v. Int'l Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426, fn 12 (9th Cir. 1989) (refusing to consider allegations in plaintiff's proposed amended complaint on grounds that decision on remand motion "must be resolved by reference to

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION
TO STATE COURT

1   the complaint at the time the petition for removal was filed," and finding district court properly

2   refused to consider those allegations on plaintiff's motion for reconsideration regarding fraudulent

3   joinder determination).

4

5       **B.      Toll Brothers Was Not Required to Join in the Notice of Removal**

6           Plaintiff first argues that the Notice of Removal was procedurally deficient because all

7   defendants must join in a removal.  But this argument has been flatly rejected by the 9th Circuit.

8   *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("Although

9   the usual rule is that all defendants in an action in a state court must join in a petition for removal,

10  the 'rule of unanimity' does not apply to 'nominal, unknown or *fraudulently joined parties*.'")

11  (internal citations omitted) (emphasis added).  Toll Brothers is a fraudulently joined defendant,

12  and therefore was not required to join in a petition for removal.

13

14      **C.      The Controlling Complaint Fails to State A Cause of Action for Inducing
            Breach of Contract, and Pleads Facts to Establishing That Any Alleged**

15          **Conduct Was Privileged**

16          As discussed in Toll's Removal, the SCC fails to state a claim for inducing breach of

17  contract, because it does not plead intent to breach the specific contract at issue.  *See* Removal at

18  pp. 3-4.  A cause of action for inducing a breach of contract requires:

19          "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge
            of this contract; (3) defendant's intentional acts designed to induce a breach or

20          disruption of the contractual relationship; (4) actual breach or disruption of the
            contractual relationship; and (5) resulting damage."

21  *Pacific Gas & Elec. Co. v. Bear Sterns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

22          To satisfy the third element, defendant must have "intended to affect the contract of a

23  specific person," and intended not only the acts which constituted the interference, but intended to

24  cause the interference itself.  *Ramona Manor Convalescent Hosp. v. Care Enterprises, et al.,* 177

25  Cal. App. 3d 1120, 1130-33 (1986) ("[t]he essential thing is the *purpose to cause the result*.")

26  (emphasis original).  The allegations in the SCC regarding general corporate directives fail to

27  satisfy this requirement.  The SCC only alleges (on information and belief) that "Toll Brothers,

28

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1   Inc. *sought to reduce the contractual liabilities on its consolidated financial statements*, such as

2   that represented by [the contract at issue], and *directed its subsidiaries and affiliates to take steps*

3   *to do so*." SCC, ¶ 34 (emphasis added).  Further, the SCC specifically states (again, only on

4   information and belief) that "*Defendant Toll had decided*, in light of the deteriorating financial

5   condition of Toll Brothers, Inc., and for its own financial reasons, not to proceed with the close of

6   escrow * * *."  SCC, ¶ 17 (emphasis added).  Thus, Plaintiff only alleges (1) that Toll Brothers

7   issued a broad policy directive to *all* its subsidiaries and affiliates, <u>not</u> to breach contracts in

8   general or this contract in particular but <u>only</u> to reduce contractual liabilities, and (2) that based

9   upon that policy directive, Toll itself – not Toll Brothers – decided not to go forward with the

10  contract.  Plaintiff thereby admits that Toll Brothers neither intended to specifically affect

11  Plaintiff, nor specifically intended to induce breach of Toll's contract with Plaintiff – or for that

12  matter, to cause any of its subsidiaries or affiliates to breach any contract at all.

13          As also discussed in Toll's Removal, Plaintiff's allegations plead directly into a finding

14  that the alleged general corporate directive was privileged as a matter of law.  *See* Removal at pp.

15  5-6.  The SCC specifically alleges that "*in response to its severely deteriorating financial*

16  *condition*, Defendant Toll Brothers, Inc. sought to reduce the contractual liabilities on its

17  consolidated financial statements, * * * and directed its subsidiaries and affiliates to take steps to

18  do so."  SCC, ¶ 34 (emphasis added).  Plaintiff cements the privileged nature of the conduct by

19  alleging that Toll itself "decided, *in light of the deteriorating financial condition of Toll Brothers,*

20  *Inc., and for its own financial reasons*" not to proceed with the contract.  SCC, ¶ 17 (emphasis

21  added).  Plaintiff expressly concedes that Toll Brothers' alleged general directive was issued to

22  protect its financial interest, and that Toll itself acted only to protect Toll Brothers' and its own

23  financial interests.  Any such general directive cannot suffice to state a claim for relief, nor can it

24  be deemed "improper means."

25

26          **D.      The Privilege Continues to Appear on the Face of the FAC and Bars the Third**
            **Cause of Action Against Toll Brothers**

27

28          Plaintiff's allegations against Toll Brothers in the FAC show that even if Toll Brothers

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1   engaged in the conduct alleged by Plaintiff, the conduct would be privileged as a matter of law.[5]

2   When an absolute affirmative defense barring an action appears on the face of a complaint, denial

3   of remand on grounds of fraudulent joinder is appropriate.[6]

4           The FAC's summary allegations regarding Toll Brothers in the FAC (which the Court is

5   not required to accept as true under these circumstances[7]) advance the same theory regarding Toll

6   Brothers, and therefore still necessarily invoke privilege to bar any claim.  Plaintiff alleges:

7           (1)    Toll Brothers' deteriorating financial condition motivated Toll to breach the
                   Agreement with Stonebrae (SCC/FAC, ¶ 17);

8
9           (2)    Toll Brothers' alleged direction to its subsidiaries and affiliates to reduce
                   contractual liabilities "by whatever means necessary, including by breaching the
                   contracts" was solely motivated by and was done "*in response to its severely
10                  deteriorating financial condition.*"[8]  (FAC, ¶ 34); and

11          (3)    Toll and Toll Brothers allegedly conspired to manufacture a pretext for breach in
                   order to "circumvent Defendant Toll's *contractual obligations and liabilities under
12                  the Village B Purchase Agreement.*"  (FAC, ¶ 36).

13  Thus, the sum total of Plaintiff's allegations regarding Toll Brothers and its conduct with respect

14  to the contract is that Toll Brothers "act[ed] to protect [its] interest from being prejudiced by the

15  relation," within the meaning of the financial interest privilege.  Plaintiff alleges no other purpose

16  _____

17  [5]    *See also* Defendant Toll Brothers, Inc.'s Notice of Motion and Motion to Dismiss Pursuant to
18  F.R.C.P. 12(b)(6), 21; Memorandum of Points and Authorities In Support Thereof ("Toll
    Brothers' Motion to Dismiss"), filed February 20, 2008.

19  [6]    *See Ritchey*, 139 F.3d 1313 (affirming denial of remand motion on fraudulent joinder grounds,
20  where statute of limitations defense appeared on face of complaint); *McCabe*, 811 F.2d at 1339
    (same, where privilege appeared on face of complaint).

21  [7]    Plaintiff's new conclusory allegations that Toll Brothers intentionally acted to induce a breach
22  of the contract at issue contradict Plaintiff's asserted theory of the case: "*Defendant Toll had
    decided*, in light of the deteriorating financial condition of Toll Brothers, Inc., and for its own
23  financial reasons, not to proceed with the close of escrow."  ¶ 17.  Conclusory allegations which
    cannot be reasonably drawn from plaintiff's description of what happened need not be accepted by
24  the Court.  *See, e.g., Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992); *McGlinchy v.
    Shell Chem Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  In light of the questionable basis for these
25  new allegations, their likely violation of F.R.C.P. 11, and their contradiction of Plaintiff's claim
26  that Toll itself decided not to proceed with close of escrow, the allegations should be rejected.

27  [8]    Plaintiff even includes information from Toll Brothers' November 8, 2007 Form 8-K to
    support its theory of motive.  *See* FAC, ¶ 18 (a) – (d).

28

DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION
TO STATE COURT

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1   – improper or otherwise – for which Toll Brothers purportedly induced a breach of this contract.

2   The privilege appears on the face of the complaint as a matter of law, and therefore dismissal of

3   the FAC and of Toll Brothers is proper. *See McCabe*, 811 F.2d at 1339 (affirming district court

4   order denying remand and eliminating individual managers from wrongful termination action

5   where privilege appeared on face of complaint).

6

7          **1.      Notwithstanding the FAC's New Allegations, Plaintiff's Arguments
                     Against the Privilege Are Meritless**

8

9          Plaintiff makes the disingenuous statement that the privilege cannot apply to a breach of

10  contract, citing only the <u>first</u> portion of comment b to Section 769 of the Restatement of Torts,

11  Second. Plaintiff omits the portion which states: "[t]his does not imply, however, that the actor's

12  interference is necessarily improper in such a case under the general principle stated in § 767."[9]

13         Similarly, Plaintiff argues that its claim against Toll Brothers cannot be dismissed based on

14  the financial interest privilege, but relies on cases where the privilege *did not* appear on the face of

15  the complaint. *Culcal Stylco, Inc. v. Vornado, Inc.*, 26 Cal. App. 3d 879, 993-84 (1972)

16  (complaint alleged parent's intentional conduct was willful, wanton, malicious, oppressive and

17  fraudulent, therefore suggesting absence of the privilege); *Collins v. Vickter Manor, Inc.*, 47 Cal.

18  2d 875, 879-80, 883 (1957) (complaint alleged directors "wrongfully, intentionally, and without

19  justification prevented the corporation from depositing in the escrow those documents necessary

20  in order to close the escrow," and court held whether or not defendants acted in best interests of

21  the corporation did not "affirmatively appear on the face of the complaint"); *Kozlowsky v.

22  Westminster National Bank*, 6 Cal. App. 3d 593, 600 (1970) (court refused to hold that mere fact

23  _____

24  [9]  *See also Bendix Corp. v. Adams*, 610 P.2d 24, 29-30 (Alaska, 1980) (finding trial court erred
25  in giving jury instruction which stated stockholder's financial interest privilege did not apply to
     causing breach of contract). The court stated that "the instruction was based on an erroneous
26  construction of the provisions of the Restatement. We hold that the privilege to interfere in
     business relations in order to protect an investment *does apply* to existing contracts under
27  appropriate circumstances." *Id*.

28

DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION
TO STATE COURT

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1   that defendant was a majority stockholder and director was insufficient to show that "his

2   interference with the business relationships of the Bank would be, *under all conceivable*

3   *circumstances*, privileged.") (emphasis added).

4          The FAC does not help Plaintiff at all.  The FAC proffers two newly minted theories as to

5   why the privilege does not apply: (1) Toll Brothers' conduct was predominately intended to

6   interfere with and harm Plaintiff's rights under the contract, and (2) the conduct was illegal and

7   improper conduct because Toll Brothers "instructed and conspired" with Toll to "manufacture a

8   pretext" for breach of the Agreement.  FAC, ¶ 36.  Neither theory changes the conclusion that the

9   motivation still pled in the FAC is inherently privileged.

10         Plaintiff's first new allegation only addresses the legal requirement of intent set forth in

11  *Ramona Manor*, to wit, that Toll Brothers not only intended the acts constituting interference, but

12  intended to cause the interference itself.  *See Ramona Manor,* 177 Cal. App. 3d at 1130-31 ("[t]he

13  essential thing is the *purpose to cause the result*." (emphasis original).  While this <u>might</u> resolve

14  one deficiency in the original Complaint pointed out on removal – although it still is almost

15  certainly a Rule 11 violation – it does not affect the privilege at all.  This intention, even if true,

16  does not amount to improper purpose, because Toll Brothers' "predominant purpose" and

17  motivation, according to Plaintiff itself, was to reduce contractual liabilities of its subsidiaries.

18         Plaintiff's contention that Toll Brothers' alleged conduct was illegal and improper because

19  Toll Brothers supposedly conspired with Toll to manufacture a pretext for breaching the contract

20  is likewise unavailing.  Plaintiff's conclusory characterization aside,[10] the conduct alleged to be

21  "illegal and improper" (conspiring with Toll to create a pretext) is neither illegal nor improper.

22  Plaintiff offers no facts to support the claim of illegal conduct, other than reference to a

23  conspiracy.  However, the U.S. Supreme Court has held that a parent corporation and its wholly

24  owned subsidiary are not legally capable of conspiring.  *Copperweld Corp., et al. v. Independence*

25  *Tube Corp*. 467 U.S. 752 (1984) (in the context of conspiracy for purposes of Section 1 of the

26  _____

27  [10]   The Court is required to consider the facts alleged, not Plaintiff's legal conclusion as to those
    facts.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

28

DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION
TO STATE COURT

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1    Sherman Act).  The Court stated that the concept of conspiracy and the notion that "conspirators

2    had a unity of purpose or a common design and understanding, or a meeting of minds in an

3    unlawful arrangement" lacks meaning in the context of a parent and wholly owned subsidiary

4    relationship, because:

> "..in reality a parent and a wholly owned subsidiary always have a 'unity of purpose or a common design.' They share a common purpose whether or not the parent keeps a tight rein over the subsidiary; the parent may assert full control at any moment if the subsidiary fails to act in the parent's best interests."

*Id*. at 770 (internal citations omitted).

Consequently, Plaintiff's conspiracy allegation likewise does not resurrect Plaintiff's claim.

### 2.    In Any Event, A Corporate Parent Cannot Be Held Liable for Interfering With Its Subsidiaries' Contract In These Circumstances

*Copperweld*'s reasoning has been adopted in the context of whether a parent is privileged to induce its wholly owned subsidiary to breach a contract.  *See, e.g., Waste Conversion Systems, Inc. v. Greenstone Industries, Inc., et al.*, 33 S.W. 3d 779, 782 (Tenn., 2000) (citing *Copperweld* and stating: "Even though the Court provided this reasoning in the context of an antitrust case, we believe the underlying relationship between two corporations would be no different in a tortious interference of contract case.").  Similarly, the Second Circuit has observed that "[c]ourts in other states have uniformly found that a parent company does not engage in tortious conduct when it directs its wholly-owned subsidiary to breach a contract that is no longer in the subsidiary's economic interest to perform."  *Boulevard Assoc. v. Sovereign Hotels, Inc.*, 72 F.3d 1029 (2d Cir. 1995); *see also Waste Conversion Systems*, 33 S.W. 3d 779 (Tenn., 2000) (finding parent corporation is privileged to interfere with contracts of wholly owned subsidiary "absent clear evidence that the parent employed wrongful means or acted with an improper purpose" and citing decisions from 11th, 8th, 3rd, and 2nd Circuits, Minnesota and Alaska district courts).[11]  The

---

[11] It is well settled that this Court can and should look to the law of other jurisdictions in (footnote continued)

DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1  conduct alleged herein falls well short of anything illegal or improper.  Indeed, the very nature of

2  the parent/subsidiary relationship supports a finding of privilege, where as here, the parent

3  allegedly directs the subsidiary to act in a manner consistent with overall financial health of the

4  enterprise.

5         Further, even assuming Toll Brothers and Toll created a pretext for termination,

6  terminating a contract on a pretext, or even in bad faith, is not illegal or improper.  *See Applied*

7  *Equip. Corp. v. Litton Saudi Arabia*, 7 Cal. 4th 503, 516 (1994) ("the law generally does not

8  distinguish between good and bad motives for breaching a contract"); *Cf. Ilkhchooyi v. Best*, 37

9  Cal. App. 4th 395, 412 (1995) ("The motive of the party breaching a contract has no bearing on

10 the scope of damages recoverable."); *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 98

11 (1995) (no distinction between "willful" breaches of contract and other breaches) (internal

12 citations omitted).  Nor does such conduct come close to "improper means."  *See* Restatement

13 (Second) Torts, § 767, cmt. c. (improper means include predatory practices, inducements, physical

14 violence, fraudulent misrepresentation and threats of illegal conduct.)  No facts in the FAC

15 suggest any improper means were employed by Toll Brothers in making its purported general

16 directive, or in "inducing" Toll to breach its contract.  Nor does it allege facts to suggest that the

17 "interfering conduct" was carried out by threats of violence, prosecution or misrepresentations, or

18 that it was motivated by anything other than a valid financial interest of a parent corporation in the

19 dealings of its wholly owned subsidiary.  The purpose for creating a pretext to breach the contract

20 – according to the FAC – was part of Toll Brothers' effort to reduce contractual liabilities.  No

21 matter how that purpose is dressed up by Stonebrae, it remains the same: privileged.  No liability

22 can be imposed on a parent corporation under these circumstances.[12]

23 _____

24 determining the application of the asserted privilege in the absence of any California Supreme
   Court opinion on point.  *See, e.g., Jackson v. Johns-Manville Sales Corp.*, 781 F.2d 394, 397-398

25 (5th Cir. 1986) (noting that assessing state law in the absence of State Supreme Court precedent

26 under the *Erie* doctrine, federal courts should look to, inter alia, "the general rule on the issue, …
   the rule in other states … [and] other available legal sources….")

27

28 [12] While we acknowledge that the relationship between a parent and subsidiary corporation alone
   (footnote continued)

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION
TO STATE COURT

1

**3.      The Liquidated Damages Clause Is A Further Bar to Plaintiff's Claim Against Toll Brothers**

2

3     On the facts pleaded by Plaintiff itself, the inducement claim against Toll Brothers is

4   precluded by the liquidated damages clause in Plaintiff's contract with Toll.  Stonebrae's sole

5   remedy for Toll's failure to close escrow is set forth in the expansive liquidated damages clause in

6   section 17.1(c)(ii) of the Agreement:

7         "the parties expressly understand and agree (a) that Stonebrae's actual damages
          resulting from such builder default would be substantial but extremely difficult to
8         ascertain and (b) [the liquidated damages sum] is a reasonable sum, considering all
          of the circumstances existing as of the agreement date."
9
   *See* FAC, Ex. 1 at p.34.
10
        Plaintiff cannot establish any harm, injury or damages apart from the alleged breach of

11   contract by a wholly-owned subsidiary at the direction of the parent corporation, for purposes of

12   reducing contractual liabilities, the liquidated damages clause is Plaintiff's sole remedy, and no

13   cause of action can stand against Toll Brothers.

14

15   **E.      An Award of Fees and Costs Is Not Justified**

16      Last and least, Plaintiff's request for a fee award is inappropriate because Defendant Toll

17   had an objectively reasonable basis for removal.  *See Gardner v. UICI, et al*, 508 F.3d 559, 560

18   (9th Cir. 2007) (holding district court abused its discretion in awarding attorneys' fees to plaintiff

19   upon remand, where removing defendant had reasonable basis for removal).  Plaintiff's first

20   argument in support of a fee award is that the notice of removal was procedurally defective.  As

21   discussed above, Plaintiff is incorrect.  Plaintiff's second basis for fees – that the removal was

22   unsupported by authority – is also incorrect.  As demonstrated herein, and in Toll Brothers'

23   motion to dismiss, ample authority supports Toll's claim that Toll Brothers is a fraudulently joined

24   defendant and should be dismissed from the action.

25

26   does not immunize the parent under all circumstances (*see*, *e.g.*, *Culcal*, 26 Cal. App. 3d at 883),
     Plaintiff has cited no California authority declining to find conduct privileged as a matter of law
27   on facts such as those pled here, nor any authority to suggest that *McCabe* should not control here.

28

DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION
TO STATE COURT

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

In *Gardner*, the Ninth Circuit addressed a removal made on similar grounds.  In *Gardner*, Defendant MEGA removed the case on diversity grounds, arguing that the defendant insurance agent – the only non-diverse defendant – was fraudulently joined.  *Id*. at 560.  MEGA argued that the claim against the insurance agent was barred by the statute of limitations, and that the conspiracy claim failed because an agent cannot conspire with his/her principal.  *Id*. at 561. Citing the U.S. Supreme Court's decision in *Martin, et ux. v. Franklin Capital Corp., et al*., 546 U.S. 132 (2005) the Ninth Circuit stated that "absent unusual circumstances, fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Id*. at 561 (citing *Martin*, 546 U.S. at 141).  The Court stated that although it agreed with the district court's conclusion that "a California court *could* find that the FAC alleged a claim against [the agent]," the Court "recognize[d] the existence of California cases that could potentially preclude [plaintiff's] claim against [the agent] in his capacity as an agent of the NASE and MEGA."  *Id*. at 562 (emphasis original).  The Court concluded:

> "[u]nder these circumstances, we hold that a reasonable litigant in MEGA's position could have concluded that federal court was the proper forum in which to litigate [plaintiff's] claims because the FAC failed to state a claim against Heyman, the only resident defendant.***MEGA had an objectively reasonable basis for removal to federal court…there is nothing in the record to suggest that there are 'unusual circumstances' that justify departing from *Martin*'s general rule that 'when an objectively reasonable basis [for removal] exists, fees should be denied.'"

*Id*. at 562-63 (internal citations omitted).

Here, as in *Gardner*, Toll has shown an objectively reasonable basis for removal, on the grounds of fraudulent joinder.  Authority cited in this opposition and in Toll Brothers' motion to dismiss (indeed, even the authority cited in Plaintiff's motion, discussed above) supports Toll's argument Plaintiff's cause of action against Toll Brothers is subject to dismissal because privilege affirmatively appears on the face of the complaint.  Since Plaintiff has not shown and cannot show any "unusual circumstances" to justify departure from the general rule that fees should be denied in such circumstances, Plaintiff's request should be denied.

## IV.   CONCLUSION

For the foregoing reasons, Toll Brothers is a fraudulently joined defendant whose presence

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1   in this action should be ignored for purposes of determining diversity jurisdiction.  As such,

2   diversity jurisdiction is proper in this Court.  Plaintiff's motion for remand should be denied, and

3   Toll Brothers should be dismissed from this action pursuant to Rule 21 of the Federal Rules of

4   Civil Procedure.

5   DATED: March 5, 2008              REGIONAL COUNSEL FOR TOLL BROS., INC.
                                      Timothy J. Hoban
6
                                      SIDEMAN & BANCROFT LLP
7                                     Donald J. Putterman
                                      Margaret A. Ziemianek
8                                     Ryan J. Meckfessel

9

10                                    By:    /s/  Margaret A. Ziemianek
                                             Margaret A. Ziemianek
11                                    Attorneys for Defendants
                                      TOLL BROS., INC., a Pennsylvania corporation, and
12                                    TOLL BROTHERS, INC., a Delaware corporation

13  10644\559615v1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

DEFENDANT TOLL BROS.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION
TO STATE COURT