1  ROBERT R. CROSS (State Bar No. 56814)
   E-Mail: *rcross@sideman.com*
2  RYAN J. MECKFESSEL (State Bar No. 215952)
   E-Mail: *rmeckfessel@sideman.com*
3  MARGARET A. ZIEMIANEK (State Bar No. 233418)
   E-Mail: *mziemianek@sideman.com*
4  SIDEMAN & BANCROFT LLP
   One Embarcadero Center, Eighth Floor
5  San Francisco, California 94111-3629
   Telephone:   (415) 392-1960
6  Facsimile:   (415) 392-0827

7  TIMOTHY J. HOBAN (State Bar No. 192461)
   E-Mail: *thoban@tollbrothersinc.com*
8  REGIONAL COUNSEL FOR TOLL BROS., INC.
   725 Town & Country Road, Suite 500
9  Orange, California 92868
   Telephone:   (714) 347-1300
10 Facsimile:   (714) 835-9683

12 Attorneys for Defendants
   TOLL BROS., INC., a Pennsylvania corporation, and
   TOLL BROTHERS, INC., a Delaware corporation

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| STONEBRAE L.P., a Delaware limited partnership,<br><br>  Plaintiff,<br><br>  v.<br><br>TOLL BROS., INC., a Pennsylvania corporation; TOLL BROTHERS, INC., a Delaware corporation; DOES 1 through 15, inclusive,<br><br>  Defendants. | CASE NO. C08-00221-EMC<br><br>**E-FILED**<br><br>**DEFENDANT TOLL BROTHERS, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6), 21**<br><br>Date:   March 26, 2008<br>Time:   10:30 a.m.<br>Room:  C, 15th Floor<br>Judge:  Hon. Edward M. Chen<br><br>Removal Filed: January 11, 2008 |

Defendant Toll Brothers, Inc. ("Toll Brothers") respectfully submits its Reply Memorandum to Plaintiff Stonebrae, L.P.'s ("Stonebrae") Opposition to Motion to Dismiss ("Opposition").

## I. INTRODUCTION

Stonebrae concedes, as it must, the existence of a financial interest privilege to interference claims, leaving aside exhortations of "Nonsense," "Not so" and that Toll Brothers "is mistaken." Stonebrae's Opposition in substance is simply an effort to muddle together Toll Bros., Inc. ("Toll Bros.") – the only party to the contract with Stonebrae – with Toll Brothers, the corporate parent of which Toll Bros. is a wholly-owned subsidiary. Stonebrae's purpose is to blur the lines between these two affiliates in order to undo its own mistake of pleading Toll Brothers' privilege on the face of both its original and First Amended Complaint ("FAC"). In doing so, however, Stonebrae only proves what it seeks to avoid: that it has pled facts sufficient to prove Toll Brothers' privilege to cause its subsidiary, Toll Bros., to eliminate contractual liabilities which otherwise would appear on Toll Brothers' consolidated financial statements and which might imperil both Toll Brothers' and Toll Bros.' respective finances.

## II. JURISDICTION OVER THIS MOTION IS PROPER

As an initial matter, Stonebrae's jurisdictional argument based on Toll Brothers' "failure" to join in Toll Bros.' removal has been addressed in Toll Bros.' Opposition to Stonebrae's Motion to Remand ("Opposition to Remand"). We reiterate that a fraudulently joined defendant is ignored for purposes of removal jurisdiction. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, the 'rule of unanimity' does not apply to 'nominal, unknown or *fraudulently joined parties*.'"); *see also* Opposition to Remand at 6:5-12.

As a fraudulently joined defendant, Toll Brothers is irrelevant for purposes of removal jurisdiction, and must be ignored. Accordingly, Stonebrae's First Amended Complaint ("FAC"), on its face tries to fix Stonebrae's original defective allegations against Toll Brothers to allow this fraudulent joinder to survive for the sole purpose of destroying diversity jurisdiction. As such, the FAC should not have been filed without leave of Court. *See* Opposition to Remand at 4, n.4.

Stonebrae's footnote 1 on pages 8-9 of its Opposition states that Toll Brothers' argument is premised on a false claim that the FAC adds new parties. Stonebrae is incorrect. In Toll Brothers' opening brief (at p. 5, fn. 5), Toll Brothers cited to Ninth Circuit authority suggesting that a party should not be permitted to amend its complaint to add allegations aimed at curing a fraudulent joinder to defeat diversity jurisdiction. In *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1349 (9th Cir. 1987), the Ninth Circuit affirmed the district court's denial of leave to file an amended complaint, where the proposed amended complaint attempted to cure the fraudulent joinder of plaintiff's managers/supervisors by deleting an allegation that they acted on the employer's behalf and alleging instead that they maliciously fired him to serve their own self-interest. Similarly here, Stonebrae has shamelessly used the points made in Toll's removal petition as a roadmap to revise its allegations and to attempt to cure the fraudulent joinder by now alleging that (1) Toll Brothers' "general directive" was something quite different: a targeted instruction to Toll Bros. to breach the specific Stonebrae contract and (2) Toll Brothers' conduct was wrongful and not privileged. *Compare* State Court Complaint ¶¶ 34 -36 *with* FAC ¶¶ 34-38.

Toll Brothers' argument in the opening brief– which it repeats herein – was that although the cases discussing diversity-destroying amendments and applying the 28 U.S.C. §1447(e) standard in lieu of Rule 15(a) arose only in the context of amendments adding new parties (*see, e.g., Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); *Winner's Circle of Las Vegas, Inc. v. SAMI Franchising, Inc.*, 916 F. Supp. 1024, 1026 (D. Nev. 1996)(finding no amendment "as of right" under 15(a) where amendment would destroy diversity)), the logical extension of those cases and *McCabe* is that new allegations aimed at salvaging a fraudulent joinder and destroying diversity should not be allowed as a matter of right, but should receive some level of court scrutiny.[1] In any event, however, Stonebrae's "new" (and contradictory) allegations in the

---

[1] *See Clinco*, 41 F. Supp. 2d at 1083 ("The motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint.") (internal citations omitted). As in *McClure*, motivation behind the new allegations here is suspect, and warrants consideration by the Court.

10644\564176v1                         2                         Case No. C08-00221-EMC
**DEFENDANT TOLL BROTHERS, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6), 21**

FAC continue to plead on their face Toll Brothers' financial interest privilege just as they did in the State Court Complaint.

Because Toll Brothers is ignored for purposes of removal, Toll Bros.' removal was proper. If, when denying Stonebrae's Motion to Remand, the Court declines to *sua sponte* dismiss fraudulently-joined Toll Brothers, then we respectfully request that the Court grant Toll Brothers' motion to dismiss.

### III.   STONEBRAE MISSTATES THE PERTINENT INQUIRY HERE

Stonebrae primarily argues that "Toll Brothers cannot establish that its alleged conduct was facially privileged." *See* Opposition at 10:11.[2] Stonebrae misapprehends Toll Brothers' burden here, which is to show only that, as pleaded, Stonebrae's operative complaint establishes that *even if* Toll Brothers engaged in the acts alleged, it was privileged to do so based upon the motive pleaded by Stonebrae itself. Similarly, Stonebrae argues that Toll Brothers' motion to dismiss is premised on a claim that Stonebrae cannot *show* Toll Brothers employed wrongful means.[3] That characterization is also inaccurate. The basis for dismissal is that: (1) the original complaint did not *plead* a cause of action for inducing breach[4] and also pled the financial interest privilege on its face and (2) Stonebrae's attempt to amend to state a cause of action in the FAC still *pleads* directly into the privilege, supporting a finding that no claim can be stated against Toll

---

[2] In its table of contents, Stonebrae styles this argument: "Toll Bros. Cannot Establish That Toll [Brothers'] Conduct Was Facially Privileged," evidencing Stonebrae's feigned or real confusion over the unity of interests between the parent and subsidiary corporate defendants.

[3] *See* Opposition at 12:7-11 ("Toll [Brothers] has the burden exactly backwards…. It is [Toll Brothers'] burden to show it 'did not employ wrongful means,' not Stonebrae's burden to 'negate' this showing.")

[4] Stonebrae makes the disingenuous argument that Toll Brothers "has dropped any pretense that Stonebrae has not adequately alleged the required elements for an inducing breach of contract claim against Toll." Opposition at 10:3-4. By adding allegations to the FAC which track the removal papers point-by-point, Stonebrae *conceded* that its original complaint failed to adequately allege the elements of inducing breach of contract. As discussed in Toll Brothers' opening memorandum, the specious addition of these allegations raises serious Rule 11 concerns, and renders the validity of the amendment questionable under *McCabe v. General Foods Corp. See* fn. 2, *supra*.

1  Brothers and Toll Brothers is fraudulently joined.

2  Stonebrae's only purported allegations of "improper means" – that the conduct was
3  intentional and that Toll Bros. and Toll Brothers conspired to manufacture a pretext for breach –
4  fail as a matter of law.  While Stonebrae states that "Inducing is improper means under the
5  Restatement," Stonebrae completely ignores its own cited authorities: "It is established that one
6  who, *without legal justification*, intentionally induces a third person not to perform a contract with
7  another, is liable to the other for the ensuing damage."  *Collins v. Vickter Manor, Inc.*, 47 Cal. 2d
8  875, 883 (1957) (citing *Imperial Ice Co. v. Rossier*, 18 Cal. 2d 33, 35 (1941)) (emphasis added).
9  Even accepting Stonebrae's argument that *Copperweld* is inapplicable, the simple fact is that a
10 conspiracy requires two or more actors capable of conspiring with each other, and a contracting
11 party – in this case, Toll Bros. – cannot conspire to breach its own contract.  *See Applied Equip.*
12 *Corp. v. Litton Saudi Arabia*, 7 Cal. 4th 503, 510-14 (1994).

13 Further, Stonebrae's FAC is insufficient to overcome what it has pled in both its original
14 complaint and in its FAC—that Toll Brothers was acting, if at all, to protect its own financial
15 interests.  Having itself effectively pleaded both proper motive and proper means on the part of
16 Toll Brothers, the FAC's contradictory and conclusory allegations cannot overcome the existence
17 of the privilege appearing on its face.

18 Stonebrae similarly assails our argument in the moving papers that Toll Bros.' motive in
19 allegedly breaching the Stonebrae contract is irrelevant here.  *See* Opposition at 13:1-4.  Toll
20 Brothers' argument responded to Stonebrae's new allegation (FAC, ¶ 36) which attempts to
21 escape the privilege by focusing on Toll *Bros.*' purported pretextual rationale for breaching the
22 contract.  *See* Motion to Dismiss at 9:11-16.  Once again, Stonebrae's argument is misleading –
23 focusing on Toll *Bros.*, insisting that Toll Bros.' motive is somehow relevant for purposes of
24 establishing Toll *Brothers'* privilege to direct its wholly-owned subsidiary.  *See* Opposition at
25 13:1-4.  This conduct illuminates Stonebrae's misdirection and bootstrapping.  Toll *Brothers'*
26 motive was and is pertinent to the issue of privilege.  As pleaded by Stonebrae, this motive was to
27 protect its financial interests by reducing the contractual liabilities on its consolidated financial
28 statements.  Toll Bros.' motive, in contrast, to allegedly assert a pretext to terminate the contract is

1 irrelevant to Stonebrae's breach of contract claim against Toll Bros. *See Applied Equip.*, 7 Cal.
2 4th 503, 516 (1994). Toll Bros.' motive cannot be germane to establishing that Toll Brothers
3 engaged in a tortiuous inducement to breach contract – unless of course Stonebrae is necessarily
4 conceding that parent and subsidiary should be treated as one and the same. If so, then the claim
5 against Toll Brothers fails as a matter of law because as noted, a party cannot interfere with its
6 own contract. Stonebrae cannot talk out of both sides of its face no matter how much it wants to
7 do so. Only Toll *Brothers'* motive was and is pertinent to the issue of privilege; and, Stonebrae
8 itself pleads that Toll Brothers' motive was to protect its financial interests by reducing the
9 contractual liabilities on its consolidated financial statements – purely privileged.

## IV. RESTATEMENT (SECOND) OF TORTS § 769 DOES NOT HELP STONEBRAE

11 Stonebrae again makes much of the Restatement (Second) of Torts, Section 769, and
12 comment b's statement that Section 769 "does not apply to the causing of a breach of contract."
13 Unfortunately for Stonebrae, Toll Bros' removal papers quoted from the First Restatement of
14 Torts. Section 769 of the First Restatement confers a privilege on a financially interested party to
15 cause another "not to enter into *or continue* a relation with a third person..." (Restatement (First)
16 Torts § 769 (emphasis added))—in other words, a privilege to induce a breach of contract. Indeed,
17 Stonebrae's opposition brief itself confirms that this section of the First Restatement has been
18 adopted by courts. *See* Opposition at 14:18-20 ("in those cases, the court applied a version of
19 Section 769 *that did not limit its applicability to prospective contractual relations.*")(emphasis
20 provided by Stonebrae).

21 Moreover, and in any event, the Restatement (Second) includes two additional notes which
22 Stonebrae has chosen to ignore despite their relevance here. The note at comment b states that
23 while the section "purports" to limit its applicability to only prospective economic relations, the
24 "[e]lements listed in this section are relevant" to interference with contract as well. *See*
25 Restatement (Second) Torts § 769, Reporter's Note, cmt.b. Additionally, the fifth paragraph of
26 the introductory note to Division 9, Chapter 37, Interference With Contract Or Prospective
27 Contractual Relation (beginning with Section 766), notes that "the law in this area has not fully
28 congealed [and] [t]he several forms of the tort ... are often not distinguished by the courts, and

cases have been cited among them somewhat indiscriminately.  This has produced a blurring of the significance of the factors involved in determining liability."

Finally, Stonebrae overlooks that despite comment b's language, many courts ignore this comment in application of the privilege[5] or simply apply the balancing of factors under § 767.[6] Stonebrae's reliance on comment b is unavailing.

## V. STONEBRAE'S AUTHORITIES ARE DISTINGUISHABLE

Taken in logical order, Stonebrae's authorities establish at most that:  1) an ownership interest in the breaching party, by itself may be insufficient to conclusively establish a financial interest privilege on demurrer (*Kozlowsky v. Westminster National Bank*, 6 Cal. App. 3d 593, 600 (1970) (refusing to hold that fact of majority stock ownership and directorship rendered interference privileged "under all conceivable circumstances")); 2) allegations that a party interfered "wrongfully, intentionally, and without justification," without also pleading that the conduct was undertaken in the best interests of the corporation, may support overruling a demurrer (*Collins v. Vickter Manor, Inc*., 47 Cal. 2d 875, 879-80, 883 (1957) (demurrer overruled where complaint alleged directors "wrongfully, intentionally, and without justification" prevented corporation from complying with contract and complaint did not affirmatively allege that defendants acted in best interests of corporation )); and, 3) alleging that defendant's conduct was "willful, wanton, malicious and fraudulent" suggests an absence of privilege and withstands demurrer if nothing is also pled to the contrary.  (*Culcal Stylco, Inc. v. Vornado, Inc*., 26 Cal. App. 3d 879, 993-84 (1972)).

In the case at bar, however, Stonebrae did not simply plead that Toll Brothers intentionally and wrongfully induced Toll Bros. to breach.  Instead, Stonebrae went much further and pled that Toll Brothers and Toll Bros. were acting to protect their collective financial interests by reducing

---

[5] *See James M. King & Assoc., Inc. v. G. D. Van Wagenden Co.,* 717 F. Supp. 667, 681 (D. Minn. 1989) ("Despite the explicit language in Comment b [to Rest. (Second) Torts, § 769], several courts have relied on § 769 to support their conclusion that a parent corporation may be privileged to interfere with its wholly-owned subsidiary's contracts.")

[6] *Id.* (citing *Bendix Corp. v. Adams*, 610 P.2d 24, 30-31 (Alaska, 1980)).

obligations on their consolidated financial statements.[7]  The privilege which was <u>not</u> apparent on the face of the complaints in *Kozlowsky*, *Collins* and *Culcal* <u>is</u> apparent on the face of the FAC.

Stonebrae insists that Toll Brothers distinguished Stonebrae's authorities only on the basis that the cases did not arise in the context of a pleading challenge.  *See* Opposition at 14:10-11.  To the contrary, Toll Brothers acknowledged that these decisions were made in the context of pleading challenges.  But each case actually stands for the proposition that *if* the pleading shows the existence of the privilege on its face, a demurrer to an inducement claim should be sustained.  Toll Brothers stands by its argument that: "Plaintiff has not and cannot provide a single authority overruling a demurrer or denying a motion to dismiss where, as here, a parent corporation's proper motive for interfering with contracts of its subsidiary is pleaded on the face of the complaint."  *See* Motion to Dismiss at 12:27-13:1.

Furthermore, Stonebrae ignores the Ninth Circuit authority directly on point here – *McCabe*.  The Court stated that "*[o]n the basis of the complaint alone*, the district court could rightly conclude that no cause of action had been stated against [defendant managers].  Their actions, *according to the complaint*, had been in their managerial capacity…[which] conduct is, under California law, privileged."  *McCabe*, 811 F.2d at 1339 (emphasis added).  Here, as in *McCabe*, the privilege is pled on the face of the complaint.

Stonebrae urges that the sufficiency of its conclusory allegation – that Toll Brothers wrongfully induced Toll Bros. to breach the Stonebrae contract – suffices to establish improper means.  Given that the defendants are parent and wholly-owned subsidiary, any alleged "inducement" directed by Toll Brothers at Toll Bros. is, quite simply, an inducement to itself.

---

[7] Stonebrae's election to contradict the original complaint with its "new" allegations in the FAC raises serious questions concerning whether there are any factual bases for the "new" contradictory allegations.  By way of hypothetical, Stonebrea pleaded "the sky is blue" and on learning of the "blue sky" privilege re-pleaded that "the sky is blue; the sky is brown."  Stonebrae was careful not to delete its allegations of Toll Brothers' proper motive and means, no doubt for fear that doing so would highlight even further a possible Rule 11 violation. In any event, as shown in Toll Brothers' moving papers, the specific allegations in Stonebrae's original complaint—that the sky is blue—carry the day.

1    Similarly, Stonebrae argues that Toll Brothers manufactured a pretextual reason for
2 terminating the contract, which Stonebrae labels as a "misrepresentation" and therefore improper
3 means under the Restatement. *See* Opposition at 12:25-28. As a matter of simple logic,
4 misrepresentation as a basis for "improper means" can only be interpreted as a misrepresentation
5 directed to the party who then breaches the contract in question. Surely, an alleged
6 misrepresentation directed to the Plaintiff cannot and could never possibly cause the third party to
7 breach the contract. Thus, given the unity of interests between parent and subsidiary—confirmed
8 in Stonebrae's own allegations—Stonebrae's "misrepresentation" argument is akin to saying that
9 Toll Brothers lied to itself, and, on that basis, employed improper means in inducing Toll Bros.'
10 alleged breach. There is certainly no authority for such an argument.

11    Stonebrae's assertion that the amended allegations in the FAC overcome the privilege rests
12 on those two bases—allegations that Toll Brothers induced itself, and that Toll Brothers
13 misrepresented to itself. Even forgetting the fact that such conclusory and contradictory
14 allegations bear no weight, such allegations cannot logically overcome the conclusion, based on
15 Stonebrae's voluntarily pleaded allegations, that Toll Brothers employed proper means for a
16 proper motive—to protect its own financial interests—in performing the acts alleged in the FAC.[8]

## VI.   STONEBRAE CANNOT AVOID ITS LIQUIDATED DAMAGES CLAUSE

18    Stonebrae simultaneously seeks to employ the liquidated damages clause against Toll
19 Bros., and to disavow that clause by suing its corporate parent. Stonebrae should be held to one
20 tack or the other—either the admission in the Village B Purchase Agreement, that liquidated
21 damages are its sole remedy for speculative damages resulting from any breach, or Stonebrae must
22 consent to the return of the escrowed funds to Toll Bros.

23 //

---

[8] Stonebrae, again misstates the nature of the inquiry here. *See* Opposition at 12:6-11. Toll Brothers' burden is to show that Stonebrae's allegations confirm that Toll Brothers' conduct was privileged as a matter of law. Toll Brothers having done so, in order avoid dismissal, Stonebrae should have provided some cogent argument as to how its allegations support a contrary conclusion based on Toll Brothers' improper means or motive. Stonebrae cannot do so.

## VIII. CONCLUSION

For the foregoing reasons, we respectfully submit that Toll Brothers' Motion to Dismiss should be granted.

DATED: March 12, 2008

REGIONAL COUNSEL FOR TOLL BROS., INC.
Timothy J. Hoban

SIDEMAN & BANCROFT LLP
Robert R. Cross
Margaret A. Ziemianek
Ryan J. Meckfessel


By: _____/s/ *Margaret A. Ziemianek*_____
        Margaret A. Ziemianek
Attorneys for Defendants
TOLL BROS., INC., a Pennsylvania corporation, and
TOLL BROTHERS, INC., a Delaware corporation