SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PHILIP F. ATKINS-PATTENSON, Cal. Bar No. 94901
ARTHUR J. FRIEDMAN, Cal. Bar No. 160867
CRAIG A. PINEDO, Cal. Bar No. 191337
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-Mail:    patkinspattenson@sheppardmullin.com
           afriedman@sheppardmullin.com
           cpinedo@sheppardmullin.com

COOPER & KIRKHAM, P.C.
JOSEF D. COOPER, Cal. Bar No. 53015
TRACY R. KIRKHAM, Cal. Bar No. 69913
655 Montgomery Street, Suite 1700
San Francisco, California 94111
Telephone:    415-788-3030
Facsimile:    415-882-7040
E-Mail:    jdc@coopkirk.com
           trk@coopkirk.com

Attorneys for Plaintiff
STONEBRAE L.P.

[Names and Addresses of Additional Counsel Appear on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| STONEBRAE L.P., a Delaware limited partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>TOLL BROS., INC.; a Pennsylvania corporation; TOLL BROTHERS, INC., a Pennsylvania corporation; DOES 1 through 15, inclusive,<br><br>    Defendants. | Case No. 08-CV-00221 EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    July 2, 2008<br>Time:    1:30 p.m.<br>**Hon. Magistrate Judge Edward Chen** |

Pursuant to Civil L.R. 16-9 and the Court's Standing Order, Plaintiff Stonebrae L.P. ("Stonebrae") and Defendant Toll Bros., Inc. ("Toll") respectfully submit this Joint Case Management Conference Statement.

1. **Jurisdiction And Service:** This Court's subject matter jurisdiction is based on 28 U.S.C. § 1441(a). There are no issues relating to jurisdiction or venue. Service is complete.

2. **Facts:** Stonebrae is the owner and master developer of residential master planned community located atop the Walpert Ridge in Hayward, California known as the Stonebrae Country Club, upon which it will develop in phases approximately 600 residential building lots, a 650-student public elementary school for the Hayward Unified School District, adjacent sports facilities to be operated by the Hayward Area Recreational District, an 18-hole golf course, tennis courts, and clubhouse and related amenities (collectively, the "Stonebrae Development"). Under the development plan for the Stonebrae Development, Stonebrae would be responsible for mass grading, infrastructure improvements, construction of the school, golf course, tennis courts, one or more club houses and related amenities. Stonebrae may or may not construct or sell the individual residences. Stonebrae's current practice has been to sell "finished lots" to merchant builders, such as Toll, who would build the homes and sell them to the public.

Defendant Toll is a subsidiary of Toll Brothers, Inc. and engaged in the business of residential home construction. In the first phase of the Stonebrae Development, known as Village A, on May 1, 2006 Toll purchased 102 of the 214 finished lots. Toll also entered into an agreement with Stonebrae to purchase 56 lots in the second phase, known as Village B, for $31,854,200.00. Toll deposited in escrow a letter of credit in the amount of $4,774,944.00 (which under the contract for Village B is the amount of liquidated damages in the event of a breach of the agreement by Toll). The escrow did not close, and Toll terminated the Village B contract.

The principal facts in dispute relate to whether Toll was required to close escrow under the Village B contract, and purchase the 56 lots for $31,854,200.00, or

1  whether it was excused from doing so because Stonebrae had not complied with the
2  conditions to closing under the contract. Stonebrae contends that it complied with the
3  terms and conditions of the Village B contract, and it is entitled to the proceeds of the letter
4  of credit. Toll contends otherwise, and that it is entitled to the proceeds of the letter of
5  credit.

6        3.      **Legal Issues:** This is an action for breach of contract, the resolution
7  of which is principally factual.

8        4.      **Motions:** On May 21, 2008, the Court denied Stonebrae's motion to
9  remand and granted the motion to dismiss of Toll Brothers, Inc. (Dkt. # 48.) The parties
10 anticipate motions for summary judgment in advance of trial.

11       5.      **Amendment Of Pleadings**: The parties do not presently anticipate
12 any amendments.

13       6.      **Evidence Preservation**: The parties have each taken steps to
14 preserve evidence to the issues reasonably evident in this action.

15       7.      **Disclosures:** Concurrently with the filing of this Joint Case
16 Management Conference Statement, the parties are making their Initial Disclosures
17 pursuant to Rule 26, consisting of (a) disclosures of individuals with discoverable
18 information; (b) a description by category and location of documents; and (c) a damage
19 computation. There are no insurance policies applicable to this dispute.

20       8.      **Discovery:** Prior to the removal of this action, Stonebrae served
21 document requests on Toll and Toll Brothers, Inc. Responses to those requests were not
22 provided in light of Rule 26, and no discovery has been propounded following removal for
23 the same reason. Since the parties are making their Initial Disclosures concurrently with
24 the filing of this Joint Case Management Conference Statement, they are not in the
25 position to state here whether limitations or modifications to the discovery rules are
26 appropriate. In advance of the Case Management Conference on July 2, 2008, counsel for
27 the parties will meet and confer on that item, and be prepared to discuss their views with
28 the Court.

1  9. **Class Action:** Not applicable.

2  10. **Related Cases:** There are no related cases.

3  11. **Relief:** Stonebrae seeks the amount of the letter of credit ($4,774,944.00), prejudgment interest, and attorneys' fees and expenses. Toll seeks a declaration that Toll was entitled to terminate the escrow, reimbursement for due diligence costs and expenses, and attorneys' fees and costs.

7  12. **Settlement And ADR:** The parties believe that it is premature to evaluate settlement prospects at the present time. Following the production and review of documents, and the taking of depositions of several of the key witnesses, they believe they will be in a position to engage in more meaningful settlement evaluation and discussions. For that reason, in their ADR Stipulation, they requested - and the Court granted them -180 days from June 12, 2008 to engage in private ADR. (Dkt. # 53.)

13 13. **Consent To Magistrate Judge For All Purposes:** The parties have consented to Magistrate Judge Edward Chen.

15 14. **Other References:** The parties do not believe this case is sutiable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

18 15. **Narrowing Of Issues:** The parties do not believe that bifurcation is necessary. At the present time, the parties submit that it is premature to evaluate whether issues can be narrowed by agreement or motion.

21 16. **Expedited Schedule:** The parties do not believe that this case should be handled on an expedited basis with streamlined procedures.

23 17. **Scheduling:** Based upon their present understanding of the issues, the nature and extent of discovery, and the schedules of counsel, the parties propose for the Court's consideration the following dates:

    a. Trial Date: July 19, 2010

    b. Pretrial Conference June 28, 2010

|   |   |   |   |
|---|---|---|---|
| c. | Pretrial Conference Statements Due | | June 14, 2010 |
| d. | Last Day For Hearing On Dispositive Motions | | June 7, 2010 |
| d. | Last Day For Filing Dispositive Motions | | April 12, 2010 |
| e. | Expert Discovery Cutoff | | March 15, 2010 |
| f. | Non-Expert Discovery Cutoff | | February 27, 2010 |

18. **Trial:** Stonebrae has demanded a jury. The parties presently anticipate that the trial will be 10 trial days.

19. **Disclosure Of Non-Party Interested Entities Or Persons:**

Stonebrae filed its certification on June 4, 2008. Toll filed its certification on June 4, 2008. Stonebrae states that there are no other persons or other entities that have a financial interest in the subject matter or a party in this proceeding, or any other kind of interest that could be substantially affected by the outcome of this proceeding. Toll states that there are no other persons or other entities that have a financial interest in the subject matter or a party in this proceeding, or any other kind of interest that could be substantially affected by the outcome of this proceeding.

20. **Other Matters:** There are no such other matters.

///

///

///

///

1  KASOWITZ, BENSON, TORRES
   & FRIEDMAN, LLP
2  DONALD J. PUTTERMAN, Cal. Bar No. 90822
   CHRISTOPHER CASEY JOHN McNAMARA, Cal. Bar. No. 209205
3  101 California Street, Suite 2050
   San Francisco, CA 94111
4  Telephone:  415-421-6140
   Facsimile:  415-398-5030
5  E-Mail:     dputterman@kasowitz.com
               cmcnamara@kasowitz.com

6  TIMOTHY J. HOBAN, Cal. Bar No. 192461
7  Regional Counsel For Toll Bros., Inc.
   725 Town & Country Rd., Suite 500
8  Orange, CA 92868
   Telephone:  714-347-1300
9  Facsimile:  714-835-9683
   E-Mail:     thoban@tollbrothersinc.com

10
   Attorneys For Defendant
11 TOLL BROS., INC.

12

13 Dated: June 25, 2008

14                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

15                          COOPER & KIRKHAM, P.C.

16

17                          By       /s/ Philip F. Atkins-Pattenson
18                                   PHILIP F. ATKINS-PATTENSON

19                                   Attorneys for Plaintiff
20                                   STONEBRAE L.P.

21 Dated: June 25, 2008

22
                            KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
23

24                          By       /s/ Donald J. Putterman
25                                   DONALD J. PUTTERMAN

26                                   Attorneys for Defendant
27                                   TOLL BROS., INC.

28