1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
    PHILIP F. ATKINS-PATTENSON, Cal. Bar No. 94901
3   ARTHUR J. FRIEDMAN, Cal. Bar No. 160867
    CRAIG A. PINEDO, Cal. Bar No. 191337
4   Four Embarcadero Center, 17th Floor
    San Francisco, California  94111-4109
5   Telephone:    415-434-9100
    Facsimile:    415-434-3947
6   E-Mail:       patkinspattenson@sheppardmullin.com
                  afriedman@sheppardmullin.com
7                 cpinedo@sheppardmullin.com

8   COOPER & KIRKHAM, P.C.
    JOSEF D. COOPER, Cal. Bar No. 53015
9   TRACY R. KIRKHAM, Cal. Bar. No. 69913
    655 Montgomery Street, Suite 1700
10  San Francisco, California  94111
    Telephone:    415-788-3030
11  Facsimile:    415-882-7040
    E-Mail:       jdc@coopkirk.com
12                trk@coopkirk.com

13  Attorneys for Plaintiff
    STONEBRAE L.P.

14

15              **IN THE UNITED STATES DISTRICT COURT**

16          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17                  **(SAN FRANCISCO DIVISION)**

18  STONEBRAE L.P., a Delaware limited          Case No. 08-CV-00221 EMC
    partnership,
19
                    Plaintiff,
20
            v.                                  **PLAINTIFF'S INITIAL**
21                                              **DISCLOSURES**
    TOLL BROS., INC.; a Pennsylvania
22  corporation; TOLL BROTHERS, INC., a
    Pennsylvania corporation; DOES 1 through 15,
23  inclusive,

24                  Defendants.

25

26          Pursuant to Rule 26(a)(1)(A), Plaintiff Stonebrae L.P. ("Stonebrae" or

27  "Plaintiff") hereby makes its Initial Disclosures.

28

**A.    Individuals Likely To Have Discoverable Information:** Pursuant to Rule 26(a)(1)(A)(i), Stonebrae provides the following information for individuals likely to have discoverable information that Stonebrae may use to support its claims and defenses in this action, other than solely for impeachment.

1.    Michael Letchinger, Stonebrae L.P.[1] Mr. Letchinger has discoverable information regarding the development of the Stonebrae Country Club (the "Stonebrae Development"); the negotiation, preparation and execution of the purchase and sale agreements between Stonebrae and Toll Bros., Inc. ("Toll") for the first two phases of the project (commonly known as "Village A" and "Village B"); the work performed pursuant to the Village A and the Village B contracts, the close of escrow under the Village A and the Village B contracts, Toll's marketing efforts at Stonebrae; and Stonebrae's damages.

2.    Steve Miller, Stonebrae L.P.  Mr. Miller has discoverable information regarding the development of the Stonebrae Development; the Village A and Village B contracts; the close of escrow under the Village A and Village B contracts; Stonebrae's compliance with the conditions of approval of the project; Stonebrae's damages.

3.    Joanna Callenbach, Stonebrae L.P.  Ms. Callenbach has discoverable information regarding the development of the Stonebrae Development; certain of the work performed under the Village A and Village B contracts; Stonebrae's compliance with the conditions of approval of the project; Toll's applications for permits under the Village A and Village B contracts.

4.    John Sabine, Stonebrae L.P.  Mr. Sabine has discoverable information regarding the development and construction of the Stonebrae Development; the Village A and Village B contracts; the work performed under the Village A and Village B contracts; the close of escrow under the Village A and Village B contracts.

5.    Marshall Carr, Stonebrae L.P.  Mr. Carr has discoverable information regarding the construction of the Stonebrae Development; the work performed under the Village A and Village B contracts.

6.    Joan Story, Sheppard, Mullin, Richter & Hampton LLP.[2] Ms. Story has discoverable information regarding the negotiation, preparation and execution of the Village A and Village B contracts; the close of escrow under the Village A and Village B contracts.[3]

---

[1]    Mr. Letchinger, and all other Stonebrae employees, may be contacted only through Stonebrae's attorneys of record in this litigation.

[2]    Ms. Story, as well as the other Sheppard Mullin attorneys identified herein, may be contacted only through Stonebrae's attorneys of record in this litigation.

[3]    By stating that Stonebrae's attorneys have discoverable information, Stonebrae does not waive the attorney-client privilege or work product immunity.  Rather, Stonebrae advises only that such individuals possess some non-privileged information on the referenced subjects.

**7.** Rebecca Hlebasko, formerly with Sheppard, Mullin. Ms. Hlebasko has discoverable information regarding the negotiation, preparation and execution of the Village A and Village B contracts; the close of escrow under the Village A contract.

**8.** John Scheuring, formerly with Sheppard, Mullin. Mr. Scheuring has discoverable information regarding the negotiation, preparation and execution of the Village A and Village B contracts; the close of escrow under the Village A and Village B contracts.

**9.** Lori Wider, Sheppard, Mullin. Ms. Wider has discoverable information concerning the land use entitlements and approvals for Stonebrae, including the phasing of the project, the conditions of approval and modifications.

**10.** Joseph Azar, Ruggeri - Jensen – Azar & Associates ("RJA"), 4690 Chabot Drive, Pleasanton, CA  94588. Mr. Azar has discoverable information regarding certain of the work relating to design, engineering and construction performed under the Village A and Village B contracts; the certification letters provided to Stonebrae; applications for construction permits.

**11.** Quant Nguyen, RJA. Mr. Nyugen has discoverable information regarding certain of the work relating to design, engineering and construction performed under the Village A and Village B contracts; the certification letters provided to Toll; applications for construction permits.

**12.** Stefanos Papadopulos, Enego, Inc., 2010 Crow Canyon Place, Suite 250, San Ramon, CA 94583. Mr. Papadopulos has discoverable information regarding certain of the work relating to design, engineering and construction performed under the Village A and Village B contracts; the certification letters provided to Toll.

**13.** Richard Morgan, Granite Construction Company, 715 Comstock Street, Santa Clara, CA  95054. Mr. Morgan has discoverable information regarding the work performed under the Village A contract; the close of escrow under the Village A contract.

**14.** Keith Donahue, DeSilva Gates, 11555 Dublin Blvd. Dublin, CA.. Mr. Donahue has discoverable information concerning the work performed under the Village B contract.

**15**. Dean Salinas, DeSilva Gates. Mr. Salinas has discoverable information concerning the work performed under the Village B contract.

**16.** Robert Norvil, DeSilva Gates. Mr. Norvil has discoverable information concerning the work performed under the Village B contract.

**17.** Mike Nelson, Mountain Cascade, 555 Exchange Court, Livermore, CA. Mr. Nelson has discoverable information concerning certain of the work relating to the installation of water and sewer, and storm drains, performed under the Village B contract.

**18.** Jim Daisy, Mountain Cascade. Mr. Daisy has discoverable information concerning certain of the work relating to the installation of water and sewer, and storm drains, performed under the Village B contract.

**19.** Norm Daniels, Mountain Cascade. Mr. Daniels has discoverable information concerning certain of the work relating to the installation of water and sewer, and storm drains, performed under the Village B contract.

**20.** Vince Giacalone, Giacalone Electrical Services, Inc., P.O. Box 397, Gilory, CA. Mr. Giacalone has discoverable information concerning certain of the work relating to installation of electrical, gas, street lights, and telephone conduits performed under the Village B contract.

**21.** Kris Maimone, All Bay Masonry, Inc., 1771 Vineyard Drive, #9, Antioch, CA. Mr. Maimone has discoverable information concerning certain of the work relating to retaining walls performed under the Village A and Village B contracts.

**22.** Steven Maher, M.F. Haher, Inc., 490 Ryder Street, Vallejo, CA. Mr. Maher has discoverable information concerning certain of the work performed under the Village A and Village B contracts relating to curbs and gutters.

**23.** Todd Hudson, Sonrise Consolidated, 337 Preston Ct., Livermore, CA. Mr. Hudson has discoverable information concerning erosion control and BMP maintenance at Stonebrae.

**24.** Linda Gunn, GunnJerkens, 300 Oceangate, Suite 130, Long Beach, CA  90802. Ms. Gunn has discoverable information regarding the marketing of Stonebrae, including homes in Village A by Toll and other builders.

**25.** John Benitou, PG&E, 23400 Clawiter Road, Hayward, CA. Mr. Benitou has discoverable information regarding certain of the work performed under the Village A and Village B contracts.

**26.** Wai Sing Ching, City of Hayward, 777 B Street, Hayward, CA 94541. Mr. Ching has discoverable information concerning the work performed at Stonebrae, including the works performed under the Village A and Village B contracts.

**27.** Pamela Lee, City of Hayward, 777 B Street, Hayward, CA 94541. Ms. Lee has discoverable information concerning the issuance of the ten building permits required under the Village B contract.

**28.** David Rizk, City of Hayward, 777 B Street, Hayward, CA 94541. Mr. Rizek has discoverable information concerning the issuance of the ten building permits required under the Village B contract.

**29.** Margret Elliott, City of Hayward, 777 B Street, Hayward, CA 94541. Ms. Elliott has discoverable information concerning the issuance of the ten building permits required under the Village B contract.

**30.** Maureen Conneeley, City of Hayward, 777 B Street, Hayward, CA 94541. Ms. Conneeley has discoverable information concerning the modification of Condition of Approval No. 7736.

**31.** Jessica Grossman, Toll.[4] Stonebrae believes that Ms. Grossman has discoverable information regarding, *inter alia,* Toll's land acquisition practices; Toll's

---

[4] Stonebrae is uncertain whether Ms. Grossman is employed by Toll Bros., Inc. or its parent Toll Brothers, Inc.

decision to purchase finished lots from Stonebrae pursuant to the Village A and Village B contracts.[5]

**31.**    James Kern, Toll.  Stonebrae believes that Mr. Kern has discoverable information regarding, *inter alia,* Toll's land acquisition practices; Toll's decision to purchase finished lots from Stonebrae pursuant to the Village A and Village B contracts.

**32.**    James L. Meek, Toll.  Stonebrae believes that Mr. Meek has discoverable information regarding, *inter alia,* Toll's land acquisition practices; Toll's decision to purchase finished lots from Stonebrae pursuant to the Village A and Village B contracts.

**33.**    H. Jon Paynter, Toll.  Stonebrae believes that Mr. Paynter has discoverable information regarding, *inter alia,* the work performed under the Village A contract; Toll's construction of homes in Village A.

**34.**    James Boyd, Toll.  Stonebrae believes that Mr. Boyd has discoverable information regarding, *inter alia,* Stonebrae's performance under the Village A and Village B contracts; the close of escrow under the Village A and Village B contracts.

**35.**    Jeff Schnurr, Toll.  Stonebrae believes that Mr. Schnurr has discoverable information regarding, *inter alia,* Toll's marketing of Village A; the close of escrow under the Village A and Village B contracts.

**36.**    Matthew White, Toll.  Stonebrae believes that Mr. White has discoverable information regarding, *inter alia,* the marketing of Village A; the work performed under the Village A contract; the construction of homes within Village A.

**37.**    Steve White, Toll.  Stonebrae believes that Mr. White has discoverable information regarding, *inter alia*, Toll's applications for permits under the Village A and Village B contracts.

**38.**    Werner Thiessen, Toll.  Stonebrae believes that Mr. Thiessen has discoverable information regarding, *inter alia,* the marketing of Village A; the close of escrow under the Village A and Village B contracts.

**39.**    Glen Martin, Toll.  Stonebrae believes that Mr. Martin has discoverable information concerning, *inter alia,* the work performed under the Village B contract; the certification letters provided to Toll; the close of escrow under the Village A and Village B contracts.

**40.**    Pat Ireland, Toll.  Stonebrae believes that Mr. Ireland has discoverable information concerning, *inter alia,* the work performed under the Village A contract; the close of escrow under the Village A contract.

**41.**    John McLean, Toll.  Stonebrae believes that Mr. McLean has discoverable information concerning, *inter alia,* the work performed under the Village A and Village B contracts.

---

[5]    In addition to these Toll witnesses, Stonebrae believes that lawyers from Bingham McCutchen have discoverable information regarding the Village A and Village B contracts, and that lawyers from Morrison & Foerster have discoverable information regarding the Village B contract.

**B.     Document Description And Location:** Pursuant to Rule 26(a)(1)(A)(iii), and by agreement with Toll's counsel,[6] Stonebrae provides the following information regarding documents, electronically-stored information and tangible things that Stonebrae has in its possession, custody and control and may use to support its claims and defenses in this action, other than solely for impeachment:

**1.**     Documents relating to the Stonebrae Development, including Village A, Village B and amenities. Hard copies of such documents are located at Stonebrae and the offices of its contractors identified in Section A, above. Electronically stored information relating thereto is located at Stonebrae, 170 Maiden Lane, San Francisco, California, and the offices of its contractors identified in Section A, above.

**2.**     Documents relating to the Village A and Village B contracts themselves. Hard copies of such documents are located at Stonebrae and the offices of its counsel, Sheppard Mullin.

**C.     Computation Of Stonebrae's Damages:** Under the Village B contract, Stonebrae's damages consist of the amount of the proceeds of the letter of credit ($4,774,944.00), prejudgment interest thereon, and its attorneys' fees and expenses.

**D.     Insurance Agreements:** Not applicable.

---

[6]     During the "meet and confer" process for this Initial Disclosure, counsel for the parties mutually agreed that they would not be providing copies of documents subject to Rule 26(a)(1)(A)(iii) as part of this Initial Disclosure, but instead would provide a very general description and location. The parties will be serving Rule 34 requests for production of documents. Counsel for the parties have agreed also as part of the "meet and confer" process to the format for the production of documents.

1 | Dated: June 25, 2008

2

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

COOPER & KIRKHAM, P.C.

4

5

By        /s/ Philip F. Atkins-Pattenson

6              PHILIP F. ATKINS-PATTENSON

7                  Attorneys for Plaintiff

8                  STONEBRAE L.P.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28