UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONEBRAE, L.P., <br><br>    Plaintiff, <br><br>    v. <br><br>TOLL BROS., INC., *et al.*, <br><br>    Defendants. <br>_____/ | No. C-08-0221 EMC <br><br>**ORDER DENYING IN PART AND DEFERRING IN PART PLAINTIFF'S MOTION TO COMPEL; AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS** <br><br>**(Docket Nos. 109, 115**) |

    Plaintiff has moved to compel discovery related to, in essence, Defendant's motive for terminating the contract. Plaintiff contends that the discovery is relevant to its claim for breach of contract, which includes an allegation that Defendant breached the implied covenant of good faith and fair dealing. The Court held a hearing on Plaintiff's motion on November 6, 2009.

    At the hearing, the Court expressed concern that, if the alleged breach of the implied covenant was not independent of breach of the alleged express breach of the contract, Plaintiff would effectively be seeking inquiry into motive on a breach-of-contract claim, which is generally not permissible. *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994). Because of the significance of this issue for the case, the parties agreed that the Court should not resolve the issue in the context of Plaintiff's motion to compel. The parties agreed that, instead, Plaintiff would file a motion for leave to amend its complaint and, in that motion (and proposed amendment), Plaintiff would articulate the specific bases for its allegation of breach of the implied covenant. Defendant will then in its opposition address why that claim should be dismissed.

The parties also agreed that Plaintiff's motion to amend could address the issue of whether or not the liquidated damages provision in the agreement was valid.

The Court therefore ordered the following briefing schedule:  Plaintiff's motion for leave to amend shall be filed by November 18, 2009.  Defendant's opposition brief shall be filed by November 25, 2009, and Plaintiff's reply brief shall be filed by December 2, 2009.  The hearing on the motion shall be held on **December 16, 2009, at 3:00 p.m.**

Although the Court deferred ruling on the issue of relevance of motive until the hearing on Plaintiff's motion for leave to amend, the Court did note that the scope of discovery sought by Plaintiff with respect the issue of motive was overbroad.  Moreover, the Court denied Plaintiff's motion to the extent it sought information about Defendant's reserves and litigation with third parties.  The Court indicated that, should it agree with Plaintiff that motive is relevant, then it would narrow the discovery sought.

As a final point, although the Court did not formally address Plaintiff's motion for sanctions at the November 6 hearing, the Court implicitly -- and now expressly -- denies that motion.  Defendant's position on the relevance of motive was reasonable; moreover, as noted above, the scope of discovery requested by Plaintiff was overbroad.

Accordingly, the Court hereby **DEFERS** in part and **DENIES** in part Plaintiff's motion to compel and **DENIES** Plaintiff's motion for sanctions.

This order disposes of Docket Nos. 109 and 115.

IT IS SO ORDERED.

Dated: November 6, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge