SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PHILIP F. ATKINS-PATTENSON, Cal. Bar No. 94901
ARTHUR J. FRIEDMAN, Cal. Bar No. 160867
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947
E-Mail: patkinspattenson@sheppardmullin.com
        afriedman@sheppardmullin.com

COOPER & KIRKHAM, P.C.
JOSEF D. COOPER, Cal. Bar No. 53015
TRACY R. KIRKHAM, Cal. Bar No. 69913
357 Tehama Street, 2nd Floor
San Francisco, CA 94103-4169
Telephone: 415-788-3030
Facsimile: 415-882-7040
E-Mail: jdc@coopkirk.com
        trk@coopkirk.com

Attorneys for Plaintiff and Counter-Defendant
STONEBRAE L.P.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| STONEBRAE L.P., a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>TOLL BROS., INC.; a Pennsylvania corporation; TOLL BROTHERS, INC., a Pennsylvania corporation; DOES 1 through 15, inclusive,<br><br>Defendants. | Case No. C 08-00221-EMC<br><br>**DECLARATION OF WAYNE E. COSTA IN SUPPORT OF STONEBRAE L.P'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Date: March 16, 2011<br>Time: 10:30 a.m..<br>Dept.: Courtroom C, 15th Fl.<br><br>Trial Date: February 28, 2011 [Vacated] |

I, Wayne E. Costa, hereby declare:

1. I am employed by YCS Investments, Inc. ("YCS Investments") as a Vice President. I am an inactive member of the bar of the State of Hawaii.

2. YCS Investments is a California corporation with its principal place of business in San Francisco, California. YCS Investments. manages various assets in the United States on behalf of Yeung Chi Shing Estates Limited, which is headquartered in Hong Kong.

3. Included in the United States assets managed by YCS Investments is the Stonebrae Development, the residential master planned community and private golf club located in Hayward, California. Stonebrae L.P. ("Stonebrae") is the owner and master developer of the Stonebrae Development, and is an affiliate of YCS Investments.

4. For the past 15 years, Sheppard, Mullin, Richter & Hampton LLP ("Sheppard, Mullin") has worked with YCS Investments on a variety of matters, both transactional and litigation matters. Phil Atkins-Pattenson is a partner in that firm, and serves as our "relationship partner" with Sheppard, Mullin. During this period, Sheppard, Mullin represented YCS Investments in connection with all phases of the development of the Stonebrae Development project, including in the areas of land use and entitlements, federal and state natural resources permitting, purchase and sale contracts, construction contracts, and several items of litigation, including the present lawsuit.

5. For the past 20 years, Cooper & Kirkham P.C. ("Cooper & Kirkham") has worked with YCS Investments, but only in the area of litigation and related advice.

6. Where significant litigation is involved, YCS Investments will retain Sheppard, Mullin and Cooper & Kirkham to serve as co-counsel. This has been YCS Investments' practice dating back many years. These two firms have worked as co-counsel on several prior matters relating to the Stonebrae Development, including the federal court litigation challenging the approvals of the Stonebrae Development in 1998 under the Endangered Species Act.

7. In November 2007, Toll Bros., Inc. ("Toll") terminated what is known as the Village B Purchase Agreement, pursuant to which Toll was to acquire from Stonebrae an additional 56 finished lots in the second residential phase of the Stonebrae Development (known as "Village B") for approximately $32 million.

8. Stonebrae decided to sue Toll and, due to the significance of this litigation, and the firms' prior experience and familiarity with the Stonebrae Development, retained Sheppard, Mullin and Cooper Kirkham to serve as co-counsel on behalf of Stonebrae.

9. The lawsuit was filed on November 29, 2007. Throughout this litigation, I, along with Michael Letchinger, the Project Manager for the Stonebrae Development, have been intimately involved in the overall supervision and management of this case. I regularly participate in meetings and calls with counsel from Sheppard, Mullin and Cooper & Kirkham, receive from them updates on developments in the case, and participate in the decision-making regarding case strategies, proposed tasks and assignments. I also regularly review drafts of pleadings and important case correspondence, and occasionally attend hearings and Status Conferences in this Court.

10. Another task I have performed over the three years this litigation has been pending is to review the invoices from Sheppard, Mullin and Cooper & Kirkham. Without waiving the attorney-client privilege or attorney work product, the purpose of my review is to evaluate the review the services rendered, as reflected in these invoices, in light of the strategic decisions YCS Investments and Stonebrae have made and discussions I have had with outside counsel regarding tasks and assignments and allocation of responsibilities between the two firms.

11. From time to time, I will discuss particular invoices with outside counsel in order to ensure I have a good and accurate picture of where the case stands, what tasks have been accomplished and what remains to be done.

12. In reviewing these invoices, my operative assumption has been that YCS Investments would be paying them and might not be successful in recovering from Toll the amounts it paid to Sheppard Mullin and Cooper & Kirkham. While I believed that Stonebrae had the better of the case, litigation is always uncertain and outcomes are not assured. Indeed, if Stonebrae did not prevail, Stonebrae would be obligated to pay Toll's attorneys' fees and costs on top of what it was paying to Sheppard, Mullin and Cooper & Kirkham.

13. Once I have completed my review of these invoices, had any follow up discussions with outside counsel, and satisfied myself that the amounts were reasonable in light of the circumstances of the litigation and what was at stake for Stonebrae, the next step is for me to authorize of payment.

14. I have reviewed Stonebrae's moving papers in support of its motion for an award of attorneys' fees and costs . YCS Investments has paid the invoices that are attached as Exhibits to the supporting Declarations of Messrs. Atkins-Pattenson, of Sheppard, Mullin, and Cooper, of Cooper & Kirkham, in the ordinary course.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 29th day of December 2010 at San Francisco, California.

_____
WAYNE E. COSTA