DONALD J. PUTTERMAN (SBN 90822)
235 Montgomery Street, 18th Floor
San Francisco, CA 94104
Email: dputterman@djplit.com
Telephone: (415) 794-4473
Facsimile: (415) 954-4480

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Christopher J. McNamara (SBN 209205)
E-mail: cmcnamara@kasowitz.com
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

TIMOTHY J. HOBAN (SBN 192461)
Regional Counsel for Toll Bros., Inc.
E-mail: thoban@tollbrothersinc.com
725 Town & Country Road, Suite 500
Orange, California 92868
Telephone: (714) 347-1300
Facsimile: (714) 835-9683

Attorneys for Defendant
TOLL BROS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| STONEBRAE L.P., a Delaware limited partnership,<br><br>    Plaintiff,<br><br>  v.<br><br>TOLL BROS, INC., a Pennsylvania Corporation, TOLL BROTHERS, INC., a Delaware corporation, DOES 1 through 15, inclusive,<br><br>    Defendants.<br><br>And Related Counterclaims. | Case No. 08-cv-00221 EMC<br><br>**TOLL'S OBJECTIONS TO THE DECLARATION OF RICHARD M. PEARL IN SUPPORT OF STONEBRAE'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:   March 16, 2011<br>Time:   10:30 a.m.<br>Courtroom: C, 15th Floor<br>Judge:   Hon. Edward M. Chen |

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

For the reasons set forth below, Toll Bros., Inc., ("Toll") objects to the Declaration of Richard M. Pearl in Support of Plaintiff Stonebrae's Motion for Award of Reasonable Attorneys' Fees, Costs and Expenses ("Pearl Decl.") in its entirety and moves to strike it.

In his declaration, Mr. Pearl offers three broad opinions: (1) "that the rates charged by and paid to the Sheppard, Mullin and Cooper & Kirkham firms are in line with the market rates charged by San Francisco attorneys of reasonably comparable experience, skill, and reputation for reasonably comparable litigation," (2) "the attorneys' fees requested by Stonebrae here are reasonable," and (3) Stonebrae's claimed expenses "are the type of costs and litigation that law firms typically bill to fee-paying clients in this community." *See, e.g.,* Pearl Decl., ¶¶ 10, 14, 22.

The Pearl Declaration is not admissible under Federal Rule of Evidence 702. Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The proponent must demonstrate expertise, through practical experience or study, of the field involved. *Se, e.g., Milne v. USA Cycling, Inc.,* 489 F. Supp. 2d 1283, 1286 (D. Utah 2007) (declarant not sufficiently qualified to render expert testimony on the applicable standards of care for mountain bike racing, particularly regarding the race at issue). Where an expert opinion is based on a survey, the proponent of the survey bears the burden of establishing the reliability of the underlying principles and methodologies used. *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.,* 2008 U.S. Dist. LEXIS 87625, *22 (N.D. Cal. Oct. 16, 2008). If the survey is unreliable, the opinion should be excluded. *Id.*

Pearl's opinion regarding hourly rates is not admissible, because Stonebrae has not demonstrated that Pearl has the relevant expertise to offer a reliable opinion about the hourly rates for real estate litigators in the Bay Area. Pearl states that he is familiar with "non-contingent market rates charged by attorneys in California and elsewhere," but there is no showing that he is familiar with rates charged by real estates litigators, here or elsewhere. Reasonable hourly rates

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

are not based on the broad spectrum of rates charged by attorneys in the area regardless of subject matter, they are based on reasonable rates for similar types of litigation. *See APL Co. Pte v. UK Aerosols Ltd.,* 2010 U.S. Dist. LEXIS 91853 (N.D. Cal. Sept. 3, 2010) (in a maritime case, reasonable rates were those generally charged by maritime lawyers in the area). Stonebrae has not established that Pearl has any practical knowledge of rates charged by Bay Area real estate litigators.

Pearl's declaration is also not admissible because it is based on an unreliable survey. Pearl cites six cases between 2008 and 2010, but does not explain how any of those cases are comparable to this case. Pearl Decl., ¶ 9. Moreover, there is no showing that the rates listed in Pearl's survey reflect the rates charged for real estate litigation similar to this case. Additionally, Pearl does not identify the rates of Stonebrae's attorneys. Instead, Pearl states that he has been informed of the "hourly rates charged by Stonebrae's counsel over the course of this litigation, as set forth in counsel's declarations." Counsel's declarations (Messrs. Atkins-Pattenson and Cooper) do not set forth the hourly rates. So the question remains, what hourly rates are Pearl's opinion based on?

The rates cited in paragraph 10 are also inadmissible on the grounds of the best evidence rule. Fed. Rule Evid. 1004. The content of the relevant court orders cannot be proven by secondary evidence. The rates listed in paragraph 13 are hearsay, as are Exhibits B and C to Pearl's declaration. Fed. Rule Evid. 802.

Pearl's opinion that the attorneys' fees requested here are reasonable is not admissible for the additional reason that it is not based on sufficient facts or data. Pearl does not even identify the total number of hours included in Stonebrae's fees request, which is a necessary starting point for any opinion about the reasonableness of the fees. Indeed, as demonstrated by paragraphs 14 - 15, Pearl's opinion is based primarily on the fact that Stonebrae paid the bills, not any expertise of or analysis by Pearl.

Pearl's opinion regarding costs is not admissible for similar reasons. Indeed, Pearl does not provide any explanation of what he reviewed or how he determined that Stonebrae's claimed

1  expenses are the type of expenses that law firms typically bill to fee paying clients in this
2  community.
3  DATED: February 7, 2011

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, California 94111

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: /s/ Christopher J. McNamara
Christopher J. McNamara
Attorneys for Defendant
TOLL BROS, INC.

#8083856